NOT DESIGNATED FOR PUBLICATION

No. 115,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALICE ANDERSON-STILES,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed January 27, 2017. Appeal dismissed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before BRUNS, P.J., MCANANY and BUSER, JJ.


*Per Curiam*: After being convicted of felony theft, Alice Anderson-Stiles was placed on probation for a period of 60 months. In addition, the district court ordered her to pay $23,942.76 in restitution. On appeal, she contends that the district court should not have extended the length of her probation. We granted Anderson-Stiles' motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Because we lack jurisdiction over this appeal, we conclude that it should be dismissed.


Anderson-Stiles is a former employee of the Sumner County Rural Water District No. 7. After money was discovered missing by the Water District, Anderson-Stiles was charged with one count of severity level 9 nonperson felony theft and one count of severity level 7 nonperson felony theft on October 15, 2014. She subsequently pled guilty

1

pursuant to a plea agreement to one count of severity level 9 nonperson felony theft. At the plea hearing, Anderson-Stiles admitted that she took funds from her employer's account—in an amount greater than $1,000 but less than $25,000—and that she used the funds for her personal benefit without her employer's permission. Thus, the district court accepted her plea.

At a hearing held on February 9, 2016, the district court determined that Anderson-Stiles stole $23,942.76 from her employer and ordered restitution in that amount. The next day, the State filed a motion requesting that the district court find the existence of exceptional circumstances justifying the imposition of a 60-month probationary period because Anderson-Stiles would need additional time to pay her restitution. Moreover, the State argued that the probation period could be reduced in the future if her restitution was paid in full in a shorter period of time.

At the sentencing hearing, the district court inquired about Anderson-Stiles' ability to pay restitution. Anderson-Stiles testified that she was unemployed and unable to work but that she received $881 per month in disability payments as well as $146 per month in food stamps from the State. She further testified that she paid $350 per month for rent and utilities. In addition, Anderson-Stiles indicated that she had various outstanding bills that she also needed to pay, including hospital bills, a dental bill, and credit card bills. On cross-examination, Anderson-Stiles admitted that she received a royalty payment for an oil interest, but she testified that these payments were only around $10-$40 per month when she got them. Evidently, she has a one-eighth ownership interest in 160 acres in Oklahoma from which she got the royalty payment but no income off the land.

The State recognized that it would likely take Anderson-Stiles several years to pay her restitution. The State did not believe that restitution was unworkable. Instead, the State proposed that the district court should extend the term of her probation to 60 months in order to give her time to make reasonable monthly payments. Although

Anderson-Stiles did not oppose the restitution order, she argued that the district court should only impose 12 months of probation and then extend it only if she was unable to pay off restitution in that amount of time.

After considering the testimony and the arguments of counsel, the district court found:

> "Well, it looks like even with the defendant's testimony she has $881 disability. She pays for her food out of her food stamps. She has 881 disability, she pays $350 rent and utilities, leaves 531. She has 25 to the hospital, 25 to the dentist; that leaves $481, 50 for gasoline, 431. She can pay 400 a month on restitution. Looks like she's going to need five years, at that rate, to pay it off. That would be [$4,800] per year."

Accordingly, the district court placed Anderson-Stiles on probation for a period of 60 months with an underlying sentence of incarceration for a period of 6 months. In ordering the extended 60-month probation period, the district court found that it was appropriate in light of Anderson-Stiles' "attitude, the amount of the money [she] stole over the period of time, [and] the fact that [she] breached the trust of the people in the water district." Furthermore, the district court concluded that "the welfare of the defendant will be served by the extension of the probation term to five years."

In the sentencing journal entry, the district court wrote:

> "DEFENDANT PLACED ON PROBATION AT 5 YEARS GIVEN DEFENDAN[T'S] ATTITUDE, THE AMOUNT OF MONEY TAKEN, AND BREACH OF FINANCIAL DUTY. WELFARE OF DEFENDANT WOULD BE SERVED BY EXTENSION OF PROBATION TO 5 YEARS SO DEFENDANT CAN PAY $400.00 A MONTH IN RESTITUTION. DEFENDANT TO FOLLOW ANY AND ALL RECOMMENDATIONS OF THE PRESENTENCE INVESTIGATION REPORT FILED HEREIN WITH THE COURT."

On appeal, the only issue presented is whether the district court abused its discretion in imposing probation for a term of 60 months. Anderson-Stiles recognizes, however, that a district court may extend probation if it "finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the [standard] length of the probation terms provided . . . ." K.S.A. 2015 Supp. 21-6608(c)(5). She further recognizes that such an extension of the length of probation "shall not be considered a departure and shall not be subject to appeal." K.S.A. 2015 Supp. 21-6608(c)(5).

As such, we must first determine whether we have jurisdiction over this appeal in light of the statutory language. Whether jurisdiction exists is a question of law over which this court has unlimited review. *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014). Here, Anderson-Stiles is not arguing that the district court failed to make the appropriate findings before imposing a 60-month probation term, and we find that the district court made the findings necessary under K.S.A. 2015 Supp. 21-6608(c)(5). See *State v. Jones*, 30 Kan. App. 2d 210, 214, 41 P.3d 293 (2001) (stating that despite statutory language that extension of probation shall not be considered a departure and shall not be subject to appeal, appellate courts have jurisdiction to consider whether district court abused its discretion by not detailing with particularity the reasons for imposing a longer probation term).

We, therefore, conclude that under K.S.A. 2015 Supp. 21-6608(c)(5) we lack jurisdiction to review the extension of Anderson-Stiles' probation.

Appeal dismissed.

4