NOT DESIGNATED FOR PUBLICATION

No. 117,622

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAYCEE D. DEGGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed October 6, 2017. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Jaycee Deggs appeals the sentence he received after he pled guilty to one count of fleeing and eluding a police officer. Based on sentencing guidelines, Deggs' presumptive sentence was 12 months on probation with an underlying prison sentence of 11 to 13 months. The district court instead gave Deggs an 18-month probation term (with a 13-month underlying sentence). The district court concluded that a longer probation term would be to Deggs' long-term benefit because it would give him time to complete drug and alcohol treatment, receive mental-health counseling, and have additional support towards rehabilitation.

Deggs recognizes that a statute authorizes the district court to enter a probation period longer than the presumptive one. K.S.A. 2016 Supp. 21-6608(c)(5) provides for this—and it also states that such a sentence can't be appealed:

> "[I]f the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms [otherwise provided by statute], the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal." K.S.A. 2016 Supp. 21-6608(c)(5).

Aside from the increased term of probation, the remainder of Deggs' sentence was a presumptive guidelines sentence, and presumptive sentences are not appealable, either. K.S.A. 2016 Supp. 21-6820(c)(1). Since the entire sentence consists of a presumptive prison term, which is not appealable under K.S.A. 2016 Supp. 21-6820(c)(1), and the longer-than-normal probation term, which is not appealable under K.S.A. 2016 Supp. 21-6608(c)(5), we must consider whether we have jurisdiction to consider Deggs' appeal.

Our court has held that despite these jurisdictional limits, we do have jurisdiction to consider whether a district court abused its discretion by not sufficiently detailing the reasons it decided a longer-than-normal probation term was appropriate. See *State v. Jones*, 30 Kan. App. 2d 210, 213-14, 41 P.3d 293 (2001); *State v. Anderson-Stiles*, No. 115,733, 2017 WL 383430, at *2 (Kan. App. 2017) (unpublished opinion). But Deggs does not argue on appeal that the district court failed to provide an adequate explanation of its ruling. We have separately reviewed the sentencing transcript and find that the district court set forth with particularity the reasons for its findings.

The court heard testimony about Deggs' mental-health history at the sentencing hearing, as well as testimony about his use of illegal drugs. Based on Deggs' mental-health issues and drug addiction, the court said a longer probation term was "in Mr.

Deggs' welfare" because "I just don't think a year is long enough to give him the assistance he needs to change his life." The court noted Deggs' "lengthy criminal history and noncompliance in [his] previous probation" and also concluded "that the safety of the public is benefitted by a longer period of probation." In the context of the court's other comments at this hearing and the evidence presented, the court's findings were sufficient.

We are left, then, with a presumptive sentence that cannot be appealed combined with a longer-than-normal probation that, so long as sufficient findings are made, cannot be appealed. We have found the findings sufficient. We therefore lack jurisdiction to consider the merits of Deggs' appeal, in which he argues that the district court should not have given him a probation longer than 12 months.

We granted Deggs' motion for summary disposition of this appeal under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). After reviewing that motion and the State's response, we dismiss this appeal for lack of jurisdiction.