NOT DESIGNATED FOR PUBLICATION

Nos. 117,022
117,023

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JESSICA TEARNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed June 8, 2018.
Affirmed in part, reversed in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Jessica Tearney appeals from the trial court's revocation of her
probation in two underlying cases. On appeal, she argues that the trial court was without
authority to revoke probation in her drug distribution case because the trial court failed to
order a necessary intermediate sanction. We agree. She further argues that the trial court
failed to offer a sufficiently articulated finding that her welfare was endangered by
probation, and thus, the trial court improperly revoked probation in her Kansas Offender
Registration Act (KORA) case. Because the trial court's welfare finding was sufficient,

1

we conclude that the trial court properly revoked probation in her KORA case. Accordingly, we affirm in part, reversed in part, and remand with instructions to conduct a new dispositional hearing in her drug distribution case.

On June 26, 2013, officers of the Kansas City, Kansas Police Department conducted a controlled purchase of Oxycodone pills from Tearney through a confidential informant. The transaction took place at a house within 1,000 feet of Washington High School. On July 26, 2013, along with charges for other defendants involved in related illicit drug distributions, the State charged Tearney with one count of distribution of an opiate, narcotic drug, or stimulant within 1,000 feet of a school, a severity level 2 drug felony, in violation of K.S.A. 2012 Supp. 21-5705(a)(1).

On June 11, 2014, the trial court held a plea hearing on Tearney's distribution charge. Before accepting her plea, the trial court held a detailed colloquy with her about the rights she would waive if she was offered a plea. As part of negotiations for the plea, the State agreed to reduce the severity level of her charge to a drug severity level 3 felony. The trial court told Tearney of the charge and the potential sentence she faced.

On August 1, 2014, the trial court sentenced Tearney on her distribution conviction to 49 months of prison time. Nevertheless, the trial court granted Tearney a downward dispositional departure and suspended her sentence to 36 months of probation, with an additional 36 months of postrelease supervision. As part of the terms of her probation, the trial court ordered Tearney to complete a substance abuse evaluation and register with the sheriff of the county of her residence under the KORA.

On June 15, 2015, the State moved to revoke her probation. Specifically, the State alleged that Tearney had failed to report to her probation officer on multiple occasions, had failed to maintain her registration with the county sheriff, had failed to submit to eight scheduled urinalysis (UA) screens, and had failed to make mandatory court

2

payments. The trial court held a revocation hearing on the State's allegations on July 31, 2015. At the hearing, Tearney stipulated to violating probation. The judge ultimately continued her probation but ordered her to serve a 3-day "quick dip" jail sentence, with credit for the time Tearney spent in jail awaiting disposition of the revocation hearing.

From June 2015 to October 2015, Detective Shaun Bitikofer, of the Kansas City, Kansas Police Department, could not locate Tearney, and she did not maintain registration with any county sheriff as far as the detective could tell. Due to her failures to report to her probation officer, failure to register, failure to submit to drug screening, and failure to pay court fees, the State moved a second time to revoke her probation on October 29, 2015.

On December 8, 2015, the State charged Tearney with four counts of violating the KORA, in violation of K.S.A. 2015 Supp. 22-4905(b) and K.S.A. 2015 Supp. 22-4903(a), (c)(1)(A), a severity level 6 person felony. On February 8, 2016, after stipulating to the violations, and after a colloquy, Tearney pled guilty to two of the KORA violation charges. The State dropped the other two charges. As part of the plea agreement, the parties recommended that Tearney serve a 120-day probation revocation for the distribution case.

On April 8, 2016, the trial court sentenced Tearney under the KORA case to a controlling, underlying sentence of 18 months of prison time, suspended to 24 months of probation, with 24 months of postrelease supervision. On October 31, 2016, the State moved to revoke her probation in both the distribution case and the KORA violation case. In its motion, the State again alleged that Tearney had failed to report to office visits with her probation officer, had failed to complete a substance abuse treatment program, had failed to submit to drug screening tests, had failed to maintain employment, had failed to complete a mental health evaluation, and had failed to complete court-ordered community service.

On November 10, 2016, the trial court held a revocation hearing on both of the underlying cases. After hearing the arguments of the parties, the trial court revoked her probation and imposed the original sentence in both cases.

*Did the Trial Court Err By Revoking Probation?*

a. *Standard of Review*

Two standards of review are applicable to probation revocation cases. In determining whether a sanction was authorized by statute, we exercise de novo review because statutory interpretation is a question of law. *State v. Rocha*, 30 Kan. App. 2d 817, 819, 48 P.3d 683 (2002). If revocation is an allowable disposition under the statute, the decision whether to revoke is within the discretion of the trial court and we will reverse only if the court abused that discretion. 30 Kan. App. 2d at 819. A judicial action constitutes an abuse of discretion (1) if no reasonable person would take the view adopted by the trial court; (2) if it is based on an error of fact; or (3) if it is based on an error of law. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

b. *Analysis*

On appeal, Tearney raises two related issues which shall be addressed as one. Tearney first argues that the trial court erred by revoking her probation for the distribution conviction without ordering an intermediate sanction. Specifically, she argues that the trial court failed to order a 120- or 180-day sanction, as required by statute, before revoking her probation, and thus, did not have the statutory authority to revoke her probation. Tearney then argues that the trial court failed to articulate sufficient factual reasons to revoke her probation in the KORA case without an intermediate sanction.

4

The State responds by asserting that the trial court had ordered the equivalent of an intermediate sanction as part of the plea agreement for Tearney's KORA convictions, and thus, was entitled to revoke her probation. Furthermore, the State argues that the trial court could revoke Tearney's probation because she committed new crimes while on probation. As a result, the trial court did not need to impose an intermediate sanction. The State argues that Kansas law allows a trial court to revoke probation without an intermediate sanction if, as was done in this case, the trial court finds that probation jeopardizes the defendant's welfare.

K.S.A. 2017 Supp. 22-3716(c)(1) requires the trial court to follow a graduated set of intermediate sanctions for probation violations, from a "quick dip" 2- or 3-day jail time sanction to a longer 120- or 180-day jail time sanction, before it may impose a defendant's underlying prison sentence. Thus, an offender must receive one short sanction and one long sanction before revoking the defendant's probation. K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(E). Nevertheless, if an offender commits a new felony or misdemeanor offense while on probation, the trial court "may revoke the probation . . . without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D)." K.S.A. 2017 Supp. 22-3716(c)(8)(A).

In this case, Tearney does not dispute the existence of a probation violation. While on probation for the distribution conviction, Tearney committed a new felony. On April 8, 2016, the trial court convicted Tearney for KORA violations, a severity level 6 person felony. K.S.A. 2017 Supp. 22-3716(c)(8)(A) allowed the trial court, at that moment, to revoke Tearney's probation and impose her full sentence in the distribution case. Nevertheless, the trial court instead sentenced Tearney to probation for the KORA convictions and credited her for the 126 days she spent in jail awaiting sentencing for the KORA convictions.

5

Tearney argues that this 126 days' credit for the KORA case cannot suffice as a probation violation intermediate sanction in the distribution case because the trial court did not, in fact, revoke her probation and order the intermediate sanction in the distribution case.

At Tearney's November 10, 2016 probation revocation hearing, the trial court seemed to believe that it had already imposed a 120- or 180-day intermediate prison sanction for an earlier probation violation in the distribution case. Indeed, when the parties negotiated Tearney's plea agreement for the KORA case, they seem to have anticipated that the court would find Tearney in violation of her probation for the distribution case and impose a 120-day intermediate prison sanction for that case. Nevertheless, the trial court never imposed the 120-day intermediate prison sentence in the distribution case. Instead, Tearney spent approximately 126 days in jail awaiting sentencing for the KORA case. The 126 days in jail were later credited toward her underlying prison sentence for her KORA case.

Indeed, in granting Tearney probation during sentencing in the KORA case, the trial court stated: "The presentence seems to indicate that if she has served 120 days then I'm assuming there was no objection to probation. Counsel has indicated she's served her 120 days, she would be entitled to 15 percent good time credit if that becomes applicable . . . . Her application for probation is granted . . . ." Here, the trial court was referring to the KORA case. Moreover, a defendant is entitled to jail credit for only the time spent in custody "solely on the charge for which [s]he is being sentenced. *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983).

Thus, when the trial court revoked Tearney's probation on November 10, 2016, for violations of her probation in her distribution case, it had not yet imposed a 120- or 180-day intermediate prison sanction. As a result, the trial court had no statutory authority to

6

impose Tearney's underlying sentence without first ordering an intermediary sanction. See *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 3, 348 P.3d 997 (2015).

The State, however, argues briefly that Tearney's convictions for violating KORA could have supported the trial court's revocation of her probation in the distribution case. Nevertheless, while the trial court may have been entitled to revoke her probation in the distribution case when her KORA convictions occurred, the trial court instead decided to award Tearney probation for the KORA convictions. The trial court does not ever articulate the KORA convictions as the basis for revoking Tearney's probation, nor does the record reflect any such order. Therefore, as K.S.A. 2017 Supp. 22-3716(c)(8)(A) requires a "new" felony or misdemeanor and the KORA convictions were no longer "new," the trial court lacked the statutory authority to use those convictions to support revocation of her probation in the distribution case during the November 10, 2016 hearing.

Thus, we reverse in part and remand the distribution case for a new dispositional hearing.

In her second issue on appeal, Tearney asserts that the trial court's finding that probation would not serve her welfare was insufficient to revoke her probation. To satisfy the particularity provision, the court's findings must be specific and must contain sufficient detail. *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Mere conclusory statements regarding probation violations do not meet the particularity requirement of the statute. See *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015). Instead, the trial court must state the connection between the reasons for revoking the defendant's probation and the danger the defendant poses to the offender's welfare or to public safety if he or she remains on probation. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004).

7

At the revocation hearing, Tearney's attorney argued that she suffered from severe drug addiction and mental health issues. Tearney furthermore told the court that she missed a previous arrangement for drug treatment due to hospitalization for chest pains, but she did not or was not able to reschedule her appointment with the treatment program. The trial court, in making its welfare finding, stated

> "that she has not been able to successfully complete probation and she jeopardizes the welfare of herself by the continuing drug use and she is not amenable to probation as set forward in the presentence investigation—or excuse me, as set forward in the motion to revoke probation, specifically about the positive UAs and the lack of treatment."

The trial court specifically articulated her inability to stop using drugs and her failure to report to a scheduled drug treatment program or seek out treatment on her own, despite her acknowledgement that she needed treatment. These reasons are beyond mere conclusions, but cite to specific and particular facts that Tearney either could not or would not comply with the terms of her probation. Therefore, the trial court did not abuse its discretion by revoking her probation in her underlying KORA case on welfare grounds.

Affirmed in part, reversed in part, and remanded with directions.

8