NOT DESIGNATED FOR PUBLICATION

No. 128,670

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROSALINDA MARTINEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Submitted without oral argument. Opinion filed October 31, 2025. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.


PER CURIAM: Rosalinda Martinez pleaded guilty to possession of methamphetamine and was granted a dispositional departure of 24 months of probation, with an underlying prison sentence of 20 months. Her probation was later revoked after she violated its terms and conditions, and the district court ordered her to serve her prison term. Martinez appeals and argues the district court's refusal to reinstate her probation was arbitrary and unreasonable because it is poor public policy to charge taxpayers for her imprisonment rather than order her to undergo drug treatment. Because we detect no

1

error in the district court's conclusion that prison was more appropriate under the circumstances of Martinez' case, we affirm its decision.

FACTUAL AND PROCEDURAL BACKGROUND

Martinez pleaded guilty to possession of methamphetamine, in violation of K.S.A. 21-5706(a); and because her criminal history contained two prior drug convictions, she faced presumptive imprisonment. At sentencing, the district court granted Martinez' request for a dispositional departure and placed her on probation for 24 months with an underlying prison term of 20 months. The district court explained that but for Martinez' battle with cancer, it would have sentenced her to prison.

A mere six months after sentencing, Martinez was arrested for violating four terms of her probation. First, she tested positive for various illegal substances in June, August, and October 2024, and served a three-day jail sanction as a result of the failed test in August. Martinez also voluntarily acknowledged that she used methamphetamine three times that same year.

Second, Martinez failed to return to inpatient drug treatment after she was discharged for cancer-related medical issues and did not keep scheduled outpatient appointments. Third, she failed to report to her probation officer as directed. Lastly, Martinez failed to make any restitution payments.

At the probation violation hearing, Martinez' probation officer testified that Martinez entered inpatient drug treatment, remained there "for about a week," and was discharged due to medical appointments. He further testified that Martinez began outpatient treatment but did not keep scheduled appointments. While acknowledging that Martinez was likely a candidate for inpatient treatment, her probation officer opined that

2

Martinez was in denial about her methamphetamine use and as a result, incarceration was the appropriate disposition.

At the same hearing, Martinez asserted that she did not have a methamphetamine addiction yet still requested rehabilitation instead of prison. She further testified that she wanted to improve her life but needed help to stop using methamphetamine, so she was willing to attend required drug counseling or participate in a sober living environment.

The district court revoked Martinez' probation for the violations and imposed her underlying prison sentence.

Martinez timely appeals for this court to determine whether the district court's refusal to reinstate her probation constituted an abuse of discretion.

LEGAL ANALYSIS

Martinez argues that the district court abused its discretion by ordering imprisonment rather than substance abuse treatment. She contends it was unreasonable to charge taxpayers for her incarceration rather than place her in an inpatient treatment program. We are satisfied the district court properly exercised its discretion and affirm its decision.

Unless a limiting statute applies, a district court may revoke probation and impose the underlying sentence once a probation violation is established. *State v. Tafolla*, 315 Kan. 324, Syl ¶ 1, 508 P.3d 351 (2022). The standard for appellate review is an abuse of discretion when "the issue is the propriety of the sanction imposed . . . for a probationer's violation of the terms . . . of probation." *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016) (citing *State v. Rocha*, 30 Kan. App. 2d 817, 819, 48 P.3d 683 [2002]). A judicial action constitutes an abuse of discretion if it "(1) is arbitrary, fanciful, or

3

unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). Judicial discretion is unreasonable "if no reasonable person would have taken the view adopted by the trial court." *State v. Ward*, 292 Kan. 541, Syl ¶ 3, 256 P.3d 801 (2011). Martinez' claim is rooted in the first factor, the reasonableness of the district court's decision. As the asserting party, Martinez bears the burden of establishing an abuse of discretion occurred. See *Tafolla*, 315 Kan. 324, Syl. ¶ 1.

The district court's authority to revoke Martinez's probation is not limited by Kansas statute given the facts and circumstances of her case. Under K.S.A. 22-3716(c)(7)(B): "The court may revoke the probation . . . if . . . the probation . . . was originally granted as the result of a dispositional departure." Martinez was subject to presumptive imprisonment under K.S.A. 21-6805(f)(1) because this case was her third or subsequent drug conviction, but the district court granted her departure request at sentencing.

Martinez does not dispute that she violated the terms of her probation, and she acknowledges that the district court had discretion to impose her original sentence. She simply contends that it is poor public policy and unreasonable to charge taxpayers for her imprisonment when she would be better served by receiving substance abuse treatment. This argument is insufficient to meet Martinez' burden because the cost of incarceration is not prohibitively high such that no reasonable person would agree that incarceration was appropriate. If the public expense of imprisonment were a decisive factor, very few individuals would end up serving prison sentences.

This court considered a similar issue in *State v. Dunham*, 58 Kan. App. 2d 519, 520, 472 P.3d 604 (2020). There, Dunham entered pleas to various drug charges that spanned multiple cases and received a dispositional departure in one of them. While on probation, he committed two felony drug crimes. At his revocation hearing, Dunham

argued that he would be better served by substance abuse treatment, but the district court ordered him to serve his underlying prison sentence. This court considered Dunham's argument that statistics show treatment is preferable to imprisonment when an offender has an addiction. It concluded that the district court properly exercised its discretion when it found that Dunham "was no longer amenable to probation" given that Dunham did not take advantage of probation and instead chose to engage in criminal conduct that resulted in convictions for drug offenses in three additional cases. 58 Kan. App. 2d at 529-30.

Similarly, in *State v. Davies*, No. 128,323, 2025 WL 2017258, at *1 (Kan. App. 2025) (unpublished opinion), Davies received a dispositional departure after his third consecutive conviction. While on probation, Davies tested positive for drugs, failed to report, failed to attend substance abuse treatment, and failed to pay restitution. He argued drug treatment would be a better sanction than imposing his underlying sentence, but the district court revoked his probation and ordered imprisonment. The *Davies* court, like the *Dunham* court, found no abuse of discretion in the district court's ruling. It concluded that the district court's decision to imprison Davies rather than order drug treatment was reasonable because he was granted a dispositional departure yet repeatedly violated his probation. 2025 WL 2017258, at *1.

Here, the district court's decision to revoke probation and impose the original sentence rather than order further drug treatment was reasonable because Martinez was granted a dispositional departure yet chose to repeatedly violate a key aspect of the terms and conditions of her probation—address her substance abuse issues. As in *Dunham* and *Davies*, Martinez failed multiple drug tests, voluntarily admitted to using drugs, did not complete inpatient or out-patient substance abuse treatment, failed to report, and failed to pay restitution. Under those circumstances, we are unable to conclude that imposition of her underlying prison term constituted an abuse of discretion.

Affirmed.

5