(884 P.2d 743)
No. 70,405

STATE OF KANSAS, *Appellee,* v. LAURA L. WILLIAMS, *Appellant.*

Opinion filed November 18, 1994.

*William K. Rork,* of Topeka, for appellant.

*James A. Brown,* assistant district attorney, *Joan M. Hamilton,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before LARSON, P.J., ELLIOTT and PIERRON, JJ.

LARSON, J.: Laura L. Williams appeals the trial court's revocation of her probation, contending she should have been discharged from probation pursuant to the provisions of K.S.A. 21-4611 and K.S.A. 22-3716.

On October 8, 1985, Williams pled guilty to one count of conspiracy to commit theft by deception for her involvement in a "gypsy bujo scam." The minimum term of imprisonment for this crime was one year and the maximum term was five years.

On January 17, 1986, the trial court imposed a one- to five-year suspended sentence. Williams was placed on supervised probation for five years. The terms of her probation required that she "pay the amount of $7,500 forthwith and make monthly restitution payments of $1,500 to commence March 1, 1986 until ½ of the total restitution amount has been paid" and that she shall "suffer no further arrests or convictions."

In May of 1986, Williams was convicted and incarcerated in South Dakota for theft. In July 1986, the State moved to revoke Williams' probation, alleging she had failed to pay court-ordered restitution. Williams was brought from South Dakota to Kansas for the revocation hearing held in October 1986, where she stipulated to a probation violation for her failure to pay restitution. The trial court ordered Williams to become current with her restitution payments, then placed her back on probation for a period of five years on the same terms and conditions as set forth in the original order of probation. Williams was transported back to South Dakota.

In April of 1987, a motion and show cause order were filed, alleging that Williams had again violated the terms of her probation by failing to pay restitution. The trial court ordered the motion to be reset upon Williams' release from the South Dakota penitentiary. The record does not show that this motion was ever heard. When Williams was released from custody in South Dakota, she was not returned to Kansas.

On January 17, 1991, a motion, file stamped at 5:01 p.m., and an order to show cause, file stamped at 5:02 p.m., were filed, alleging Williams had violated the terms of her probation by failing to pay the court-ordered restitution. The order to show cause states in the upper right hand corner that it was "Issued 1-18-91."

On October 22, 1991, the State filed an amended motion and an amended order to show cause, contending Williams had violated the terms of her probation by failing to remain a law-abiding citizen, as shown by a felony conviction in California of one count of grand theft of personal property. The Kansas probation

officer's statement affirms that Williams was in the custody of the California Department of Corrections.

Nothing further transpired of record until April 20, 1993, when Williams moved to be discharged from probation, contending the trial court did not have jurisdiction to revoke her probation pursuant to the provisions of K.S.A. 21-4611 and K.S.A. 22-3716.

K.S.A. 21-4611(1) states in pertinent part:

"The period of suspension of sentence [or] probation . . . fixed by the court shall not exceed five years in felony cases . . . , subject to renewal and extension for additional fixed periods not exceeding five years in felony cases . . . . *In no event shall the total period of probation [or] suspension of sentence . . . for a felony exceed the greatest maximum term provided by law for the crime.*" (Emphasis added.)

K.S.A. 22-3716(1) provides in relevant part:

"At any time during probation [or] suspension of sentence . . . , the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release . . . or a notice to appear to answer to a charge of violation."

Williams argued she completed the maximum term of her probation on January 17, 1991. She contended the trial court's jurisdiction ended on that day and no authority existed to issue the show cause order on January 18, 1991. She claims the trial court could not order revocation beyond the expiration of the probation term and the amended motion and show cause order filed on October 22, 1991, were filed after the trial court's jurisdiction had ended.

The trial court rejected Williams' arguments, finding jurisdiction was proper because the motion to revoke probation and the show cause order were filed on the last day of her probationary period, even though the show cause order was not issued until the following day. The trial court determined the amended show cause order would simply relate back to the original show cause order that was timely filed.

On July 1, 1993, the trial court revoked Williams' probation based upon the grounds alleged in the amended motion and amended show cause order that Williams had failed to remain a law-abiding citizen, as shown by her 1990 criminal conviction in

California. The trial court found Williams' probation could not be revoked based upon her failure to pay restitution as alleged in the original motion and original show cause order because she had been incarcerated and could not make the court-ordered restitution payments. The trial court imposed the original sentence of one to five years.

Williams appeals.

On appeal, Williams contends: (1) Revocation must occur during the probationary term; the maximum term of her probation was five years; the trial court's jurisdiction ended on January 17, 1991; and the motion and show cause order that were filed after regular court hours could not extend the court's jurisdiction, especially since the warrant was not issued until January 18, 1991; and (2) the amended motion and amended show cause order were not timely filed, and the trial court did not have jurisdiction to consider the new allegation of probation violation set forth in the amended motion and amended order.

The trial court's determination that it had jurisdiction to revoke Williams' probation is a conclusion of law over which this court's review is unlimited. See *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

*Original motion and order filed on January 17, 1991*

There are three views as to a trial court's power to revoke probation after the probation period has expired. In some states, the trial court has no power to revoke probation unless the revocation proceedings, including issuance of the revocation order, are completed prior to the expiration of the probation term. In other states, the trial court retains jurisdiction to revoke probation for a reasonable time after expiration of the probation term. In many states the trial court retains jurisdiction to revoke probation after the probation term has expired if the State instituted the revocation proceeding prior to the expiration of the probation term. 4 Wharton's Criminal Procedure § 553, pp. 583-84 (13th ed. 1992). See Annot., Power of Court, After Expiration of Probation Term, To Revoke or Modify Probation for Violations Committed During the Probation Term, 13 A.L.R.4th 1240.

The majority view appears to be that the trial court has jurisdiction to revoke probation if proceedings are instituted prior to expiration of the probation term, even though the order revoking probation is issued after the probation term has expired. Annot., 13 A.L.R.4th at 1253-57. See *Barker v. State*, 479 N.W.2d 275 (Iowa 1991); *Wesbecher v. State*, 863 S.W.2d 2 (Mo. App. 1993); *Thompson v. State*, 620 P.2d 422 (Okla. Crim. 1980); *State v. Stuve*, 111 Or. App. 197, 826 P.2d 24, *rev. denied* 313 Or. 300 (1992); *Standley v. State*, 517 S.W.2d 538 (Tex. Crim. 1975); *State v. Kahl*, 814 P.2d 1151 (Utah App. 1991); *State v. Russell*, 27 Wash. App. 309, 617 P.2d 467 (1980).

However, several states have held that an unreasonable delay by the State in the issuance and execution of a warrant for the arrest of a probationer whose whereabouts is either known or ascertainable with reasonable diligence may result in a State's waiver of the violation. See *People v. Diamond*, 59 Mich. App. 581, 229 N.W.2d 857 (1975), *appeal on remand* 70 Mich. App. 512, 245 NW 2d 809 (1976); *State v. Murray*, 81 N.M. 445, 468 P.2d 416 (1970).

21 Am. Jur. 2d, Criminal Law § 578, p. 954, states the following rule: "Where a statute authorizes the court to revoke suspension of a sentence at any time during the period of probation, a petition filed within the period of probation may be acted upon properly at a later time."

In Kansas, the trial court maintains continuing jurisdiction over a probationer during the time he or she is on probation. *State v. Farmer*, 16 Kan. App. 2d 419, 422, 824 P.2d 998 (1992). We have located no Kansas case which directly addressed the issue of whether jurisdiction to revoke probation remains when the probation term expires after institution of revocation proceedings but prior to the revocation order. In *State v. Grimsley*, 15 Kan. App. 2d 441, 444, 808 P.2d 1387 (1991), when ruling that a probationer could not agree to extend the maximum probationary term, Chief Judge Briscoe hinted at the answer to the foregoing question when, after examining *Moody v. Edmondson*, 176 Kan. 116, 269 P.2d 462 (1954), she stated: "*Moody* stands for the proposition that a court has no jurisdiction to revoke probation when the

probationary period terminates prior to issuance of an arrest warrant or filing of a complaint seeking revocation of probation."

*Grimsley* , therefore, supports the position that either the filing of the motion to revoke probation or the issuance of an arrest warrant prior to expiration of the probation term is all that is necessary to institute revocation proceedings.

In *State v. Ludwig*, 218 Or. 483, 344 P.2d 764 (1959), an order to show cause why probation should not be revoked was issued on the last day before the probation period expired. A bench warrant was issued but was not served on the defendant until 11 months later. The trial court held it still had jurisdiction over the defendant and imposed the original sentence. This decision was affirmed on appeal, with the Oregon Supreme Court stating:

"Probation is a statutory process and, under laws similar to ours, it seems to be the general rule that if the revocation procedure is started properly before the expiration of the term, the court retains jurisdiction, even though the final hearing and adjudication are after the end of the probation period." 218 Or. at 492.

The Oregon court quoted from *Phoenix v. State*, 162 Neb. 669, 675, 77 N.W.2d 237 (1956):

" 'It will be noted that the statute does not contain the language "the court may revoke the probation at any time during the period of probation." We believe a proper interpretation of the statute is that if a court is to revoke probation for a violation occurring within a probationary period, procedure to that end must have been instituted within the probationary period, as was done in the instant case, or within a reasonable time thereafter. Under such an interpretation, a violation occurring on the last day of probation could still properly result in the revocation of probation after the probationary term.' " 218 Or. at 491.

Likewise, K.S.A. 22-3716(1) does not state the trial court can only revoke probation during the term of probation. The statute grants authority for the trial court to issue a warrant or notice to appear at any time during the probationary period. A reasonable construction of K.S.A. 22-3716(1) is that revocation may properly occur after the term of probation has expired if a warrant, petition, or show cause order has been filed prior to expiration of the probation term. See *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992).

Williams' claim that the motion and order were initially untimely because they were file stamped after 5:00 p.m. is without merit. The initial documents were timely filed before the probation period expired. The actual revocation need not take place within the term of probation, as long as it occurs within a reasonable time thereafter. We adopt the majority view that jurisdiction exists over the original motion and order that were filed before the probation period expired.

*Amended motion and order filed on October 22, 1991*

In states which have adopted the majority view, there is a split in authority as to whether a trial court has jurisdiction over an amended petition or motion to revoke probation that contains new or different allegations of probation violations and has been filed after the probation term has expired, even though the original petition or motion was filed within the probation period. See 13 A.L.R.4th at pp. 1279-82.

Amendment was allowed in the Texas cases of *Banks v. State*, 491 S.W.2d 417 (Tex. Crim. 1973) and *Cabrera v. State*, 494 S.W.2d 177 (Tex. Crim. 1973). *Phoenix v. State*, 162 Neb. 669, held an amendment which amplified the facts in the original petition was valid if made within a reasonable time after the expiration of the probation term. In *State v. Hultman*, 92 Wash. 2d 736, 600 P.2d 1291 (1979), amendment was allowed, but the court concluded that delay between the expiration of the probationary term on January 23 and the revocation hearing on April 12 was the maximum permissible delay of the revocation hearing without a more detailed explanation. *Hultman* is factually interesting because one day before the probation period expired, Hultman was arrested for slashing tires on a police patrol car and the amended petition added the allegation of malicious damage to a police vehicle. The trial court's revocation of probation was upheld, with the Supreme Court of Washington stating:

"We find no compelling reason to deny the prosecutor the opportunity to amend the petition to allege a violation occurring so late in the period of probation that amendment could not reasonably be expected within the term. We emphasize that the test mandates no unnecessary delay from the filing of the orig-

inal revocation petition to the date of the revocation hearing." 92 Wash. 2d at 744-45.

Amendments were not permitted in two Florida cases, *Carpenter v. State*, 355 So. 2d 492 (Fla. Dist. App. 1978), and *Clark v. State*, 402 So. 2d 43 (Fla. Dist. App. 1981). In *Carpenter*, the original request to terminate probation had been filed on the last day; and when the trial court found these allegations were not sufficient, it recommended the filing of an amended affidavit, which it found to be sufficient. This order was reversed on appeal, where it was held the filing of the original affidavit was sufficient to sustain jurisdiction to hold the original hearing, but when this resulted in a finding of not guilty, the trial court lost jurisdiction as to the defendant's probationary status.

In *Clark*, the request for revocation was filed prior to the expiration of the probation period; two days after the period expired, an amended affidavit was filed alleging delivery of cocaine and heroin, while the original contained allegations only of possession of the controlled substances and a handgun. After probation was revoked based on two of the original and two of the amended charges, the Florida District Court of Appeal reversed, holding the trial court was divested of jurisdiction to hear the amended allegations:

"[W]e turn to the general rule which governs timely revocation of probation: once a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation. [Citations omitted.]

"In the case at bar the state urges that the above rule should not preclude consideration of the new or amended charges because the 'amended affidavit . . . was part of the process set in motion by the original affidavit . . . .' Furthermore, the state suggests that the similarity between the original and the added charges lends credence to its 'relation-back' theory. We disagree. The Supreme Court in *Carroll v. Cochran*, 140 So. 2d 300 (Fla. 1962), upheld a revocation of probation even though an arrest warrant was not served until after the termination of probation. The court grounded its decision on the fact that 'the processes of the trial court had been timely set in motion . . . because the warrant . . . was issued within the period of probation.' Id., at 301. We apply a restrictive interpretation to the holding in *Carroll* and conclude that while it permits a revocation process, timely begun, to continue past the probationary

term, it does not allow the filing of new, substantive charges after the date of termination of probation." 402 So. 2d at 44.

In *Standley v. State*, 517 S.W.2d 538, the Court of Criminal Appeals of Texas stated in a footnote:

"The revocation motion having been filed and warrant issued for appellant's arrest prior to expiration of the probation period, the hearing conducted after expiration of such period but shortly after arrest was proper under the circumstances. [Citations omitted.] In such cases, however, the right of the court to revoke is limited to those violations of probation alleged in the revocation motion filed prior to the expiration of the probationary period. [Citations omitted.]" 517 S.W.2d at 540 n.1.

If we were to follow *Clark* and *Standley*, we would be compelled to adopt a rule that no amendment to a revocation petition which raises a new violation of probation is allowed after the expiration of the probation term. From such a rule, it would follow that the trial court does not have jurisdiction to consider the additional violations. We are not inclined to adopt such a stringent rule which would allow a probationer to avoid the consequences of hidden and undetected actions of which law enforcement officers and probation officials did not become aware until after the probation period expires.

However, we are likewise unimpressed with the State's argument that "K.S.A. 22-3716 sets no time limitations on pleading particular types of allegations, even if they are known to prosecuting authorities."

We believe the better rule to be adopted in Kansas is one of reasonableness, which would allow amendments to requests for parole revocation where the initial motion was filed before the expiration of the probation term, provided the amended allegations were unknown or could not reasonably have been known when a timely filing is made, as long as there is no unnecessary delay before the filing of the amended allegations, and the actual revocation hearing is promptly held.

In this case, the trial court revoked Williams' probation only on the ground alleged in the amended motion and amended show cause order filed after the expiration of Williams' term of probation. The amended motion alleged Williams failed to remain a law-abiding citizen because of a felony conviction in California.

Williams alleges the existence of the California conviction was known to the State when the January 17, 1991, allegations were made. This contention is not denied by the State. It argues its failure to initially allege the California conviction is of no legal consequence. We do not agree with the State's argument.

Under the facts of this case, there is a clear violation of the reasonableness test of *Hultman*, 92 Wash. 2d 736. The October 22 amended motion was not filed for more than nine months after the timely motion. Further, and more importantly, nothing was done on the State's request between October of 1991 and April of 1993 (an 18-month period), when Williams' attorney attempted to obtain an order discharging her from probation and setting aside any hold sent to any other state. The probation was not ultimately revoked until July 1, 1993.

*Hultman* held a delay between the expiration date on January 23 and a revocation hearing on April 12 to be the maximum permissible delay without a reasonable explanation. We are not prepared to adopt any bright line rule of reasonableness or timeliness because the facts may vary from case to case, but we hold the State in this case is neither timely nor reasonable.

Reversed.