(41 P.3d 293)

No. 86,452

STATE OF KANSAS, *Appellee*, v. ARNOLD E. JONES, *Appellant*.

Opinion filed November 16, 2001.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ron Ludwig*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before PIERRON, P.J., ELLIOTT, J., and WAHL, S.J.

WAHL, J.: Appellant Arnold E. Jones appeals the trial court's extension and revocation of his probation. He had entered a plea of guilty to one count of possession of cocaine in violation of K.S.A. 1998 Supp. 65-4160(a). A chronology of the dates pertinent to this case is helpful:

**December 1, 1998:** Jones was sentenced to the presumptive sentence of 24 months' probation under the supervision of community corrections, with an underlying prison term of 11 months.

**May 25, 2000:** K.S.A. 2000 Supp. 21-4611 took effect.

**June 27, 2000:** The State filed an application for revocation of Jones' probation.

**July 7, 2000:** The district judge notified the parties it would hold a hearing on August 4, 2000, to determine whether Jones' probation should be extended because Jones failed his drug tests, failed to maintain employment, and failed to complete necessary counseling.

**August 4, 2000:** Jones appeared and asked for a continuance of the hearings to extend his probation and to revoke his probation until September 1, 2000. The court continued the hearings until September 1, 2000.

**September 1, 2000:** Jones failed to appear because he was incarcerated in the McPherson County Jail on new charges. Jones' counsel appeared and agreed to an extension of Jones' probation. The court extended Jones' probation to December 1, 2000, the term imposed at his original sentencing, "for the reasons set forth in the motion for extension of probation." The hearing on the revocation of Jones' probation was set for October 2, 2000.

**October 2, 2000:** Jones appeared and requested a continuance of the hearing until December 1, 2000, which the court granted.

**October 27, 2000:** The State filed a second application for revocation of probation for Jones again testing positive for cocaine, and a bench warrant was issued.

**December 1, 2000:** The district court revoked Jones' probation and ordered him to serve the prison portion of his sentence.

**December 4, 2000:** Jones filed his notice of appeal.

Jones argued the district court did not have jurisdiction to revoke his probation because the application for revocation was not filed until after K.S.A. 2000 Supp. 21-4611 took effect on May 25, 2000. Whether the district court has jurisdiction to revoke probation is a question of law over which this court's review is unlimited. *State v. Williams*, 20 Kan. App. 2d 142, 145, 884 P.2d 743 (1994).

The newly amended K.S.A. 21-4611 sets the nonprison sanction for a severity level 4 drug crime at a maximum of 12 months. K.S.A. 2000 Supp. 21-4611(c)(3). The statute also addresses the effect these provisions have on probationary periods already in existence:

"The provisions of subsection (c), as amended by this act, shall be applied retroactively. The sentencing court shall direct that a review of all persons serving a nonprison sanction for a crime . . . in severity levels 3 or 4 of the sentencing guidelines grid for drug crimes be conducted. On or before September 1, 2000, the duration of such person's probation shall be modified in conformity with the provisions of subsection (c)." K.S.A. 2000 Supp. 21-4611(d).

Jones argued that with the statute's enactment effective May 25, 2000, his probation ended on December 1, 1999, 12 months after his sentence was originally imposed, and the district court did not have jurisdiction to extend or revoke his probation at any later time.

The Kansas Supreme Court rejected this argument in *State v. Ferguson*, 271 Kan. 613, 23 P.3d 891 (2001), based on the statute's plain language. Because subsection (d) gives the district court until September 1, 2000, to review and modify the existing sentence, the district court retained jurisdiction until that date. "[N]othing in the amendment requires that prior nonprison sentences made in excess of the new requirements be immediately revoked and altered." 271 Kan. at 617. Therefore, the district court properly retained jurisdiction over Ferguson for the purpose of revoking her probation on May 26, 2000. 271 Kan. at 617.

In this case, the district court likewise retained jurisdiction to modify Jones' probation until September 1, 2000. Although the district court did not revoke Jones' probation until December 1, 2000, 3 months after the statutory period for review had expired, it continued to retain jurisdiction to order the revocation of Jones' probation. A district court has jurisdiction to revoke probation as long as proceedings are commenced before the expiration of the probation term. *Williams*, 20 Kan. App. 2d 142, Syl. ¶ 1. The State filed its first motion for revocation on June 27, 2000, while Jones' probation was still in effect.

Jones asserts the district court's extension of his probation did not meet the requirements of K.S.A. 2000 Supp. 21-4611(c)(5) because the order did not set forth with particularity the reasons for extending his probation on September 1, 2000. He argues the extension was invalid and, hence, the probationary period was not enlarged and so the revocation of his probation must be reversed.

The district court had jurisdiction to modify Jones' probation on September 1, 2000. The order extending probation simply states: "[A]fter having considered the evidence, and as authorized by K.S.A. 21-4611, . . . defendant's probation is extended from December 1, 1999, to December 1, 2000, for the reasons set forth in the motion for extension of probation." The court was apparently referring to its notice of hearing on motion for extension of probation where it stated the probation should be extended for "failing drug testing, failing to maintain employment, and failing to complete counseling."

Two subsections of K.S.A. 2000 Supp. 21-4611 may set the standard for the extension of probation—subsections (c)(5) and (c)(8). The interpretation of a statute is a question of law over which this court has unlimited review. *State v. Engles*, 270 Kan. 530, 532, 17 P.3d 355 (2001). The State does not argue with Jones' assertion that the outcome of this issue depends on the interpretation of K.S.A. 2000 Supp. 21-4611(c)(5), which states:

"If the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation.

Such an increase shall not be considered a departure and shall not be subject to appeal."

It appears from the record that the district court was proceeding under this section of the statute.

The district court's brief statement falls short of the statute's requirement of setting forth *with particularity* the reasons for finding the safety of the public will be jeopardized or the welfare of the inmate will not be served by the shorter period of probation. See *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992) ("When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details."). Simply stating the reasons for revoking Jones' probation does not explain how the public safety will be jeopardized or how Jones' welfare will not be served by the shorter period of probation.

Without this preliminary finding, the district court's extension of probation was an abuse of discretion which resulted in an illegal sentence. See *State v. Childers*, 16 Kan. App. 2d 605, 618, 830 P.2d 50 (1991), *rev. denied* 250 Kan. 806 (1992). See *Carmichael v. State*, 255 Kan. 10, 16, 872 P.2d 240 (1994), which defines an illegal sentence as a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized. An illegal sentence may be corrected at any time. K.S.A. 22-3504; *State v. Palmer*, 262 Kan. 745, 752, 942 P.2d 19 (1997).

While we have found no cases construing K.S.A. 2000 Supp. 21-4611, we find the issue before us to be somewhat analogous to the situation when a district court fails to consider placement of a defendant at the Labette Correctional Conservation Camp and the case must be remanded to the district court for resentencing. *State v. Schick*, 25 Kan. App. 2d 702, 703, 971 P.2d 346 (1998), *rev. denied* 266 Kan. 1114 (1999).

This matter must be reversed and remanded for the district court to make the findings required by K.S.A. 2000 Supp. 21-4611(c)(5).

Reversed and remanded.