(48 P.3d 683)
No. 87,499

STATE OF KANSAS, *Appellee*, v. LARRY F. ROCHA, *Appellant*.

Opinion filed June 28, 2002.

*William K. Rork,* of Rork Law Office, *Peter Maharry,* assistant appellate defender, and *Steven R. Zinn,* deputy appellate defender, for appellant.

*Gerald Woolwine,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before GREEN, P.J., MARQUARDT and BEIER, JJ.

MARQUARDT, J.: Larry F. Rocha appeals the trial court's revocation of his probation. We reverse and remand with directions to release Rocha from confinement and terminate his probation.

In July 1996, Rocha was charged with one count of possession of marijuana with the intent to distribute and one count of possession of marijuana without a tax stamp. Rocha pled no contest to one count of possession of marijuana with the intent to distribute. In exchange for his plea, the State agreed to drop Count II of the complaint. Rocha was sentenced to 36 months' probation with an underlying prison term of 15 months. One condition of Rocha's probation was that he repay the State for the cost of his court-appointed attorney.

In April 1998, a corrections officer filed an affidavit alleging that Rocha had violated his probation by failing to make payments on outstanding fines and costs. A bench warrant was issued for Rocha on April 27, 1998. Rocha could not be located and the warrant was outstanding until Rocha was arrested in Wyandotte County in 1999 for possession of a substantial amount of marijuana.

A hearing to consider the April 1998 affidavit was held in July 1999. The prosecutor told the trial court that he expected additional probation violations because of Rocha's arrest. At the hearing, Rocha denied that he failed to make payments on his fines and costs. Rocha's attorney asked the trial court to note the denial and postpone the matter until the Wyandotte County charges were addressed. The trial court ordered that an evidentiary hearing would be scheduled after the Wyandotte County prosecution was complete.

Rocha was convicted in Wyandotte County of one count of attempted possession of marijuana with intent to deliver in September 1999. Rocha was incarcerated at the Department of Corrections.

In December 1999, a court services officer signed a second affidavit of probation violation because Rocha was convicted of a drug felony in Wyandotte County. The affidavit was not filed until February 2001. A hearing was held in May 2001 to address Rocha's probationary status. The Clark County prosecutor argued that Rocha was to return to Clark County after the disposition of his Wy-

andotte County case. Clark County learned about the Wyandotte County conviction after Rocha was committed to the Department of Corrections.

At the hearing, Rocha argued that the affidavit to revoke his probation should be dismissed because it was filed after his probationary period ended. Rocha informed the trial court that there was no warrant or hold on him by Clark County. The prosecutor responded that Rocha was to notify Clark County when he was sentenced in Wyandotte County so that he could be brought back for a revocation hearing.

The trial court found that Rocha was supposed to return to Clark County after he faced the Wyandotte County charges. Accordingly, the trial court denied Rocha's motion to dismiss the matter. Rocha's probation was revoked and he was ordered to serve the remainder of his term. Rocha timely appeals.

Rocha contends that the trial court had no jurisdiction to revoke his probation because the affidavit in support of revocation was filed out of time. Rocha argues that any revocation must occur during the probationary term. Rocha points out that the affidavit which was filed during his probationary term did not serve as the basis for his revocation. Rocha maintains that the trial court should not have relied on the second affidavit when revoking Rocha's probation, since the State had the obligation to make sure the proceedings continued in a timely fashion.

Generally, the standard of review of a probation revocation is an abuse of discretion. See *State v. Lumley*, 25 Kan. App. 2d 366, 370, 963 P.2d 1238 (1998), *aff'd* 267 Kan. 4, 977 P.2d 914 (1999). However, when the issue of jurisdiction is raised, it is a question of law over which our scope of review is unlimited. See *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

K.S.A. 2001 Supp. 22-3716(a) provides, in relevant part:

"At any time during probation, assignment to a community correctional services program, suspension of sentence or pursuant to subsection (d) . . . the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment."

A reasonable construction of K.S.A. 2001 Supp. 22-3716(a) is that revocation of probation may properly occur after the term of probation has expired if a warrant, petition, or show cause order has been filed prior to expiration of the probation term. *State v. Williams*, 20 Kan. App. 2d 142, 147, 884 P.2d 743 (1994).

The *Williams* court also addressed the issue of amended motions to revoke probation. The panel adopted a reasonableness test which allows amending a request for probation revocation as long as the initial request is filed before the expiration of the probation term, provided the amended allegations were unknown or could not reasonably have been known when a timely filing is made, and as long as there is no unnecessary delay before the filing of the amended allegations and the actual revocation hearing is promptly held. 20 Kan. App. 2d at 150.

We believe that the facts of this case compare favorably to the facts in *Williams*. In *Williams*, the trial court revoked the defendant's probation on the sole ground alleged in an amended motion to revoke. The amended motion was filed after Williams' term of probation had expired. The *Williams* court found that the amended motion was filed out of time because it was not filed until 9 months after the filing of a timely revocation motion. The panel also placed great weight on the fact that the motion to revoke was not addressed by the trial court until 18 months after the amended motion was filed. 20 Kan. App. 2d at 151.

In the instant case, the State obviously knew that Rocha had been arrested as early as December 1999. Rocha was still serving his term of probation at that time. However, the affidavit in support of revocation was not submitted to the trial court for over a year. We believe that such a delay was unduly prejudicial.

At the hearing on the motion to revoke probation, the prosecutor explained that due to an error by one of the attorneys, he did not learn of Rocha's sentencing in Wyandotte County. Regardless of where the breakdown in communication occurred, the State's failure to conduct a reasonable investigation to ascertain Rocha's whereabouts constituted a waiver of the probation violation. See *State v. Haines*, 30 Kan. App. 2d 110, 39 P.3d 95 (2002). It is clear from the record on appeal that all parties involved knew Rocha was

being detained in Wyandotte County. The State must therefore accept responsibility for failing to keep track of Rocha. It is the State's responsibility to bring a probation revocation to the trial court in a timely manner.

We believe that the trial court did not have jurisdiction to revoke Rocha's probation. The delay in pursuing the initial motion to revoke probation was unreasonable. The second motion to revoke probation was filed years after Rocha had served his complete probationary term. This case is remanded with instructions to release Rocha from confinement.

Since we have already concluded that Rocha must be released from confinement, there is no need to address Rocha's other issue on appeal.

Reversed and remanded with instructions to release Rocha from confinement and terminate his probation.