NOT DESIGNATED FOR PUBLICATION

No. 120,645

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY D. DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 28, 2020. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., POWELL, J., and LAHEY, S.J.

PER CURIAM: In this appeal, Jeremy D. Davis contends the district court lacked jurisdiction to revoke his probation and impose his original prison term because the probation violation warrant to which he stipulated was not timely filed. After careful review of the record, we find the district court had jurisdiction and affirm the revocation of Davis' probation.

FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2013, Davis was sentenced to an underlying prison sentence of 24 months and 12 months' postrelease supervision following guilty pleas to possession of oxycodone and one count of no drug tax stamp. Davis was placed on probation for 12 months and given 2 days of jail credit. His probation was scheduled to conclude on or around January 13, 2014.

On October 30, 2013, the district court issued a probation violation warrant alleging numerous violations by Davis including new crimes of domestic battery, battery, criminal use of a weapon, and possession of marijuana within the state of Kansas. A little over a week later, on November 8, 2013, Davis committed additional drug crimes in Oklahoma. However, no probation violation warrant was filed on the Oklahoma allegations until January 9, 2015, nearly a year after the scheduled conclusion of Davis' probation. A handwritten notation on the second warrant indicated that Davis was in custody in Oklahoma. Neither of the probation violation warrants was served on Davis until June 2018—over four years after the scheduled conclusion of Davis' probation. After Davis completed his prison sentence in Oklahoma, a probation violation hearing was held on July 17, 2018. Davis admitted to the allegations in the second probation violation warrant and, in return, the State withdrew the first warrant. The district court accepted Davis' admission, revoked his probation, and imposed the underlying 24-month prison sentence.

Davis timely appeals.

Because Davis recently completed the prison portion of his sentence, we issued a show cause order to answer whether this matter was moot as a result. The State replied to the show cause order with an attached statement from the Kansas Department of Corrections:

"Jeremy D. Davis . . . satisfied the prison portion of the sentence associated with Sedgwick County case 12CR1214 on October 3, 2019 and released to post-supervision release. On November 15, 2019 an arrest and detain warrant was issued by parole services; he was arrested November 19. On November 27, parole services withdrew the warrant and he [was] released from the Sedgwick County jail. He is again reporting to staff at the Wichita Parole Office. His current sentence discharge date is October 3, 2020."

Davis filed an amended response to the order to show cause, asserting that, despite having served the prison portion of his sentence, his appeal was not moot as he remains under postrelease supervision.

I.      IS THE PROBATION REVOCATION ISSUE MOOT AS A RESULT OF DAVIS SERVING HIS PRISON SENTENCE?

Davis contends that, despite having served the complete prison portion of his sentence, his probation revocation challenge is not moot. Generally, an appeal challenging a probation revocation is moot after a defendant has served his or her full sentence because "[p]robation cannot be imposed after the full sentence of confinement has been served." *State v. Kinder*, 307 Kan. 237, 238, 408 P.3d 114 (2018). In most circumstances, Kansas appellate courts do not decide moot questions or render advisory opinions.

"[T]he mootness doctrine [is] a court policy, which recognizes that the role of a court is to '"determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."' [Citations omitted.]" *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012).

The test for mootness is "whether 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 295 Kan. at 840-41.

Under *Kinder*, this court has no authority to reinstate Davis probation because he has fully satisfied the prison sentence imposed. And Davis does not ask that his probation be reinstated. Instead, he identifies two ways in which his future rights are impacted by the district court's revocation of his probation. He first argues that the actual finding of probation violations and the revocation may be used against him in the future to deny him probation or to subject him to an upward departure sentence. However, our Supreme Court has previously rejected this argument, particularly when, as here, the defendant admitted to violating his probation. See *Montgomery*, 295 Kan. at 843-44.

Davis' second argument is that although he has served the prison portion of his sentence, his probation revocation challenge is not moot because he remains under court supervision until October 3, 2020. He points to *Montgomery*, which held: "The issue of the propriety of the sanction imposed by the district court for an admitted violation of probation becomes moot upon the completion of the sanction *and the termination of State supervision*." (Emphasis added.) 295 Kan. 837, Syl. ¶ 5.

Because Davis remains under postrelease supervision by the State until October 2020, we find the controversy presented on appeal has not clearly and convincingly ended. If his probation had not been revoked, the postrelease portion of Davis' sentence would have expired and he would no longer be under State supervision. In other words, Davis remains under supervision solely because his probation was revoked. And he is subject to adverse legal consequences as a result of that continued State supervision. While on postrelease supervision, Davis is subject to arrest and confinement for violating his conditions of release. See K.S.A. 75-5217(a)-(c). Accordingly, because Davis faces

4

continued supervision and legal consequences as a direct result of his probation revocation, we conclude that Davis' appeal is not moot.

## II.     DID THE DISTRICT COURT HAVE JURISDICTION TO REVOKE DAVIS' PROBATION?

Davis argues that the probation violation warrant which served as the basis for his revocation was not timely filed under K.S.A. 2013 Supp. 22-3716(e) and, therefore, the district court lacked jurisdiction to accept his admission and revoke his probation. "We have consistently construed [K.S.A. 22-3716] to be jurisdictional, holding that the court maintains continuing jurisdiction over a probationer during the time he or she is on probation." *State v. Cisneros*, 36 Kan. App. 2d 901, 903, 147 P.3d 880 (2006). Appellate courts exercise unlimited review over jurisdictional issues. *State v. Castillo*, 54 Kan. App. 2d 217, 220, 397 P.3d 1248 (2017).

The version of K.S.A. 22-3716 in effect at the time Davis committed his 2013 probation violations stated, in relevant part:

> "The court shall have 30 days following the date probation, assignment to a community correctional service program, suspension of sentence or a nonprison sanction was to end to issue a warrant for the arrest or notice to appear for the defendant to answer a charge of a violation of the conditions of probation, assignment to a community correctional service program, suspension of sentence or a nonprison sanction." K.S.A. 2013 Supp. 22-3716(e).

Subject to this exception, "the court's jurisdiction ceases with the termination of the probationary period." *Cisneros*, 36 Kan. App. 2d at 903. "A judgment is void where the court is without jurisdiction to decide the issue." *State v. Farmer*, 16 Kan. App. 2d 419, 422, 824 P.2d 998 (1992). Put differently, once the lawful term of probation has expired or has been terminated, the district court no longer has jurisdiction to reinstate or revoke probation. See *Cisneros*, 36 Kan. App. 2d at 904-05.

At the probation violation hearing, the State withdrew the allegations of the first warrant—which was timely filed—and proceeded on the allegations of the second warrant. The second warrant, alleging the commission of crimes in Oklahoma by Davis during the time he was on probation, was not filed until almost a year after the expiration of Davis' original probation term, taking it outside the 30-day window permitted by K.S.A. 2013 Supp. 22-3716(e). Davis maintains the district court lacked jurisdiction to revoke his probation on the basis of the second warrant. The State relies on *State v. Williams*, 20 Kan. App. 2d 142, 884 P.2d 743 (1994), in support of its position that the timely filing of the initial warrant was sufficient to invoke the jurisdiction of the district court within the time limitations in K.S.A. 22-3716.

In addressing probation violation warrants filed and prosecuted after the probationary period had ended, we have articulated a reasonableness test for determining whether a late-filed probation warrant may serve as the basis for revoking a defendant's probation. The reasonableness test

> "allow[s] amendments to requests for [probation] revocation where the initial motion was filed before the expiration of the probation term, provided the amended allegations were unknown or could not reasonably have been known when a timely filing is made, as long as there is no unnecessary delay before the filing of the amended allegations, and the actual revocation hearing is promptly held." 20 Kan. App. 2d at 150.

In *Williams*, the allegations in the second warrant, which served as the basis for revocation, were known but not included in the initial warrant. The court found a 9-month delay in filing the amended motion, in combination with another 18-month delay in bringing the defendant to court for the hearing, was not timely or reasonable. While the *Williams* panel declined to adopt "any bright line rule of reasonableness or timeliness because the facts may vary from case to case," the panel found the district court did not have jurisdiction and reversed Williams' probation revocation. 20 Kan. App. 2d at 151.

6

Similarly, in *State v. Rocha*, 30 Kan. App. 2d 817, 820, 48 P.3d 683 (2002), a second probation violation affidavit, alleging violations that occurred within the probation period but filed after the defendant's probation period ended, was filed almost 3 years after the first warrant and more than 17 months after the conduct which gave rise to the second allegation. Noting it was the State's responsibility to bring a probation revocation to hearing, the *Rocha* panel found that the delay resulted from the State's failure to conduct a reasonable investigation to ascertain Rocha's whereabouts. The *Rocha* panel reversed the revocation by the district court, finding the delay was unreasonable and unduly prejudicial. 30 Kan. App. 2d at 820-21.

As in *Williams* and *Rocha*, the State here timely filed a warrant alleging a probation violation. A second warrant added new violations that occurred after the first warrant was filed but while Davis was still on probation. Events occurring after the filing of the first warrant obviously could not have been known when the first warrant was timely filed, so we find the first prong of the *Williams* reasonableness test is satisfied. But *Williams* also requires there be no "unnecessary delay before the filing of the amended allegations, and the actual revocation hearing is promptly held." 20 Kan. App. 2d at 150. What constitutes unnecessary delay "'is a flexible concept dependent upon the circumstances.'" *State v. Parker*, 309 Kan. 1, 9, 430 P.3d 975 (2018).

There are two relevant time delays that we consider here. First, Davis' Oklahoma crimes, which serve as the basis of the second warrant, were committed in November 2013, but the warrant was not filed until January 2015, a delay of 14 months. While the State has offered no explanation for this delay, the record shows that Davis was in custody in Oklahoma during that period. Additionally, Davis has not alleged any particular prejudice resulting from the delay. See *State v. Wonders*, 27 Kan. App. 2d 588, 592-93, 8 P.3d 8 (revocation of probation upheld where defendant failed to show prejudice from delay), *rev. denied* 269 Kan. 940 (2000). Undoubtedly, the better practice would be to file any supplemental warrant promptly so as to avoid any delay between the

offending action and the warrant. But each case needs to be analyzed under its own particular facts. See *Williams*, 20 Kan. App. 2d at 151. Here, because Davis was in custody in another state during the period of delay, and given the apparent lack of any specific prejudice to him on account of the delay, we decline to find that the 14-month delay was unreasonable so as to deprive the district court of jurisdiction.

The second time delay—from the filing of the first warrant in October 2013 to the probation violation hearing in July 2018—exceeds four years. This is substantial and at first blush would appear unreasonable. But as with the other delay in this case, we look at the underlying facts to determine what is reasonable under the circumstances. Here, Davis was promptly served and provided a hearing by the district court shortly after he was released from custody in Oklahoma. Unlike in *Rocha*, the State did not lose track of Davis or attempt to place the responsibility on him to make arrangements to appear in the Kansas court. And Davis does not argue that the State even had the power to compel a hearing on the probation violation while Davis was incarcerated for a criminal conviction in another state. Here, the inability to provide an expeditious hearing was the result of Davis' criminal actions, not the result of the State's neglect or inaction. Under the particular facts of this case, we find the State proceeded as promptly as could be expected, given Davis' incarceration in Oklahoma. Thus, we conclude the delay was not unreasonable and district court had jurisdiction to revoke Davis' probation.

Finally, Davis asks that we not apply the *Williams* reasonableness test to the facts of this case for two reasons. First, he argues *Williams'* jurisdictional analysis is flawed because it focuses on procedural fairness and ignores that judicial authority flows from the Legislature through its enactment of a statute. See *Miller v. Glacier Development Co.*, 293 Kan. 665, 669, 270 P.3d 1065 (2011). But *Williams* does not ignore *Glacier* as suggested by Davis; rather, it explains how the language used by the Legislature in K.S.A. 22-3716 should be interpreted. The statute merely requires "a warrant" to be filed during probation or within 30 days following that probation term to establish jurisdiction.

8

K.S.A. 2013 Supp. 22-3716(e). That was plainly done here because the first warrant was timely filed. The statute does not expressly direct how it applies to a case such as Davis', where two probation violation warrants are filed—one timely and one not timely. Both *Williams* and *Rocha* interpret K.S.A. 22-3716 to permit probation revocation based on a subsequent request so long as the initial request to revoke is timely filed and the subsequent request otherwise complies with the reasonableness standard set forth above. Judicial authority to act on a probation revocation remains based on the statutory enactment by the Legislature, and the interpretation of K.S.A. 22-3716 in *Williams* does not alter that fact.

Davis' second argument is that *Williams*' statutory analysis focuses solely on the portion of K.S.A. 22-3716(a) that allows the district court to issue a warrant "[a]t any time during probation" and fails to address the portion of the statute that provides the court "shall have 30 days following" the end of the term of probation to file a probation violation warrant. See K.S.A. 2018 Supp. 22-3716(e). The substance of the *Williams* analysis does not change based on whether the warrant was filed during the term of probation or within the 30-day period immediately following the termination of probation. In both *Williams* and here, the initial warrant was timely filed. We are unpersuaded by Davis' argument that *Williams*' reasonableness test should be abandoned in applying K.S.A. 22-3716.

The district court's revocation of Davis' probation is affirmed.

Affirmed.