NOT DESIGNATED FOR PUBLICATION

No. 128,186

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LEROY JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed October 31, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

PER CURIAM: Robert Leroy Johnson appeals the district court's order revoking his probations on two convictions. Johnson claims the district court lacked jurisdiction to revoke probation on a nonresidential burglary conviction because the State delayed in filing a second amended motion to revoke probation until after the probation term had expired. Johnson also claims the district court lacked jurisdiction to revoke probation on a criminal damage to property conviction where the probation term was an illegal sentence

1

and the State did not move to revoke probation until the lawful portion of the probation term had expired. Johnson's first claim fails but he prevails on the second claim.

FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2021, in Leavenworth District Court, Johnson pled no contest to one count of nonresidential burglary, a severity level 7 nonperson felony, and one count of criminal damage to property, a severity level 9 nonperson felony. On January 14, 2022, the district court sentenced Johnson to 13 months' imprisonment for the burglary conviction and a consecutive term of 6 months' imprisonment for the criminal damage to property conviction and placed Johnson on 24 months' probation for each conviction.

The State moved to revoke or modify Johnson's probation on February 7, 2023, alleging that Johnson had failed to obey the law and was arrested on September 27, 2022, on pending charges of violating a protective order, domestic battery, aggravated domestic battery, criminal threat, and sexual exploitation of a child. The affidavit supporting the motion also alleged Johnson failed to pay court fines and owed $9,552.60. The district court issued an arrest warrant based on these allegations on February 22, 2023.

There was no activity in the case until June 6, 2024, when Johnson filed an application under the Uniform Mandatory Disposition of Detainers Act (UMDDA) seeking a resolution of the probation revocation motion and related warrant. In the application Johnson described that he was currently incarcerated in the Lansing Correctional Facility in another criminal case serving an 83-month prison sentence. Johnson was transported to the Leavenworth County Jail and appointed counsel for the probation revocation matter. The district court held a hearing on July 24, 2024, but the matter was ultimately continued to September 13, 2024.

2

On August 20, 2024, the State filed an amended motion to revoke or modify Johnson's probation. The motion alleged, similar to the original motion, that Johnson failed to pay court fines, but it amended the other claim to a new allegation that Johnson failed to obey the law because he was sentenced on January 24, 2024, following convictions of aggravated battery and criminal threat. The motion did not contain the dates that Johnson committed those offenses.

At the start of the hearing on September 13, 2024, the district court cautioned the State that its amended motion failed to allege a probation violation for failing to obey the law because it alleged only when Johnson was sentenced in another case, but not when he committed the crimes. The district court granted a recess so the State could file a second amended motion to fix the deficiency. Johnson's counsel did not object, stating, "I don't have any objection, if the Court is okay with that."

The State filed its second amended motion apparently during that recess on September 13, 2024. The second amended motion alleged the failure to pay court fines, but this time it alleged that Johnson committed aggravated battery on July 15, 2023, resulting in the January 24, 2024, sentencing alleged in the first amended motion.

The hearing resumed and the State submitted as its only evidence the journal entry of judgment on the aggravated battery alleged in the second amended motion. The State presented no evidence on the failure to pay court fines allegation other than to ask the district court to judicially notice its own ledger. The district court agreed. Johnson briefly testified on his own behalf and asserted that he did not actually commit any illegal conduct on July 15, 2023, but entered a plea for the aggravated battery to resolve conduct that had occurred prior to his probation term.

After hearing the evidence, the district court found that Johnson violated his probation based on the evidence that he failed to obey the law during his probation term

by committing aggravated battery on July 15, 2023. The district court's journal entry also specified that Johnson violated his probation by failing to pay court fines. The district court revoked Johnson's probation and imposed the original sentence for each of Johnson's convictions. Johnson timely appealed the probation revocation order.

ANALYSIS

Johnson's only claim on appeal is that the district court lacked jurisdiction to revoke his probation, although he argues a different reason for each conviction. The State argues that the district court had jurisdiction to revoke Johnson's probation, at least as to Johnson's conviction and sentence for nonresidential burglary. Whether jurisdiction exists is a question of law subject to unlimited review. *State v. Alonzo*, 296 Kan. 1052, 1054, 297 P.3d 300 (2013). The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Statutory interpretation presents a question of law subject to unlimited appellate review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Johnson acknowledges he did not raise this claim in district court, and the State argues we should not address the claim for this reason. Generally, issues not raised below cannot be raised for the first time on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). But Johnson argues that he presents a question of subject matter jurisdiction that can be raised at any time. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). In fact, an appellate court may raise subject matter jurisdiction on its own. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018). Our court has consistently construed K.S.A. 22-3716 and its authority to revoke or extend probation under the statute as jurisdictional. See, e.g., *State v. Cisneros*, 36 Kan. App. 2d 901, 903, 147 P.3d 880 (2006). As a result, Johnson is correct that he presents a question of subject matter jurisdiction that may be raised for the first time on appeal. See *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021).

*Jurisdiction to revoke probation on the nonresidential burglary conviction*

As we stated, the procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Under K.S.A. 22-3716(a), at any time when a defendant is serving probation for a crime committed after July 1, 1993, the court may issue a warrant for the defendant's arrest for violating any of the conditions of probation. Under K.S.A. 22-3716(b), the defendant is brought before the district court for a hearing to answer the alleged violations. K.S.A. 22-3716(e) provides a 30-day grace period after the date the probation was set to end for the district court to issue a probation violation warrant.

The district court placed Johnson on 24 months' probation on January 14, 2022. The State originally moved to revoke Johnson's probation on February 7, 2023, and the related probation violation warrant was issued on February 22, 2023, during the term of Johnson's probation. But the State later filed amended motions to revoke or modify Johnson's probation in August and September 2024, after his 24-month probation term had expired, and the district court revoked Johnson's probation on the grounds alleged in the second amended motion. Johnson's argument on his nonresidential burglary conviction is straightforward. He asserts that although the original February 22, 2023, probation violation warrant was timely filed while he was still on probation, the district court lacked jurisdiction to revoke his probation on the grounds alleged in the second amended motion that was not filed until after his probation term had expired.

Johnson's argument is based exclusively on this court's decision in *State v. Williams*, 20 Kan. App. 2d 142, 884 P.2d 743 (1994), so we will discuss that case in detail. Williams pled guilty to one count of conspiracy to commit theft by deception. The district court imposed a suspended sentence of one-to-five years' imprisonment and placed Williams on probation for five years. On the last day Williams' probation was set to expire, a show-cause order was filed alleging Williams had violated her probation by failing to pay court-ordered restitution. The State later filed an amended motion and

show-cause order alleging Williams had failed to obey the law during the term of her probation, as shown by a felony conviction of grand theft in California. Williams was in custody with the California Department of Corrections when the amended motion was filed.

Nothing happened in the case for about 18 months, when Williams moved to be discharged from probation. She argued, among other things, that the district court could not order revocation beyond the expiration of her probation term, and the amended motion and show-cause order were filed after the district court's jurisdiction had ended. The district court rejected Williams' arguments, finding jurisdiction was proper because the original motion to revoke probation and show-cause order were filed on the last day of her probationary period. The district court found that the amended show-cause order related back to the original show-cause order that was timely filed. The district court revoked Williams' probation on the ground alleged in the amended motion that she failed to obey the law during the term of her probation as shown by the California conviction, and did not revoke the probation for Williams' alleged failure to pay restitution. The district court ordered Williams to serve her original sentence.

On appeal, this court found that a district court has jurisdiction to revoke probation if proceedings are instituted before the probation term expires, even though the order revoking probation is issued after the probation term has expired. 20 Kan. App. 2d at 146-47. But this court rejected the State's argument that an amended motion to revoke probation filed after the probation term has expired always relates back to a timely filed motion. Instead, this court adopted the following test:

> "We believe the better rule to be adopted in Kansas is one of reasonableness, which would allow amendments to requests for parole revocation where the initial motion was filed before the expiration of the probation term, provided the amended allegations were unknown or could not reasonably have been known when a timely filing is made, as

6

long as there is no unnecessary delay before the filing of the amended allegations, and the actual revocation hearing is promptly held." 20 Kan. App. 2d at 150.

This court observed that the allegation that Williams had been convicted in California was known to the State when it filed its original motion to revoke probation. Moreover, the amended motion was not filed for more than 9 months after the timely motion and no action was taken on the amended motion for 18 months, when Williams finally moved to be discharged from probation. Under these facts, this court determined that it was unreasonable to revoke Williams' probation based only on the ground alleged in the amended motion, and this court reversed the district court's order. 20 Kan. App. 2d at 151. But this court concluded: "We are not prepared to adopt any bright line rule of reasonableness or timeliness because the facts may vary from case to case, but we hold the State in this case is neither timely nor reasonable." 20 Kan. App. 2d at 151.

Johnson asserts that his case is like *Williams* and it was unreasonable for the district court to revoke his probation on the grounds alleged in the second amended motion that was not filed until after his probation term had expired. The State claims *Williams* does not apply because the conduct alleged in the second amended motion was the same conduct alleged in the original motion. This does not appear to be correct on the allegation that Johnson failed to obey the law. The original motion alleged that Johnson was arrested on September 27, 2022, on pending charges of violating a protective order, domestic battery, aggravated domestic battery, criminal threat, and sexual exploitation of a child. The second amended motion alleged that Johnson committed aggravated battery on July 15, 2023. It does not appear possible that the original motion and the second amended motion alleged the same unlawful conduct. But the State is correct on the allegation that Johnson failed to pay court fines. The original motion and both amended motions included this same allegation.

The State also asks us to reject the reasonableness test set forth in *Williams* for allowing an amended motion to revoke probation, arguing that the test is not based on any language found in K.S.A. 22-3716. The statute is silent on whether a motion to revoke probation, once timely filed, may be amended to include different allegations that the defendant has violated conditions of probation. We find that the *Williams* court correctly interpreted the language in K.S.A. 22-3716, and the holding in *Williams* is still good law. We also observe that the Kansas Legislature has not substantially amended the procedure for revoking a defendant's probation since *Williams* was decided, although the statute has been substantially amended over the years to include requirements for intermediate sanctions. See, e.g., L. 2013, ch. 76, § 5. When the Legislature fails to modify a statute to avoid a standing judicial construction of the statute, courts presume the Legislature agreed with the judicial construction. *State v. Nguyen*, 304 Kan. 420, 425-26, 372 P.3d 1142 (2016).

The reasonableness test in *Williams* has been cited and applied over the years by many panels of this court. One more recent case is *State v. Davis*, No. 120,645, 2020 WL 962100, at *4-5 (Kan. App. 2020) (unpublished opinion). Davis was convicted of one count of possession of oxycodone and one count of no drug tax stamp and sentenced to 24 months' imprisonment but placed on probation for 12 months. The district court issued a timely probation violation warrant alleging Davis had committed new crimes in Kansas. Then Davis committed additional drug crimes in Oklahoma leading to his incarceration there. About a year later, after Davis' probation term had expired, the district court issued a second probation violation warrant for the Oklahoma crimes. When Davis completed his Oklahoma sentence, over four years after his probation term had expired, the district court held a probation violation hearing. Davis admitted the allegations in the second probation violation warrant, and the State withdrew the first warrant. The district court accepted Davis' admission, revoked his probation, and imposed the original sentence.

On appeal, Davis claimed the district court lacked jurisdiction to revoke his probation on the ground alleged in the probation violation warrant filed after his probation term had expired. This court applied the *Williams* test and found that the 14-month delay between the first and second warrant was not unreasonable where Davis was already in custody at the time, observing that "Davis has not alleged any particular prejudice resulting from the delay." 2020 WL 962100, at *4. As for the four-year delay before the district court held the revocation hearing, this court found "the State proceeded as promptly as could be expected, given Davis' incarceration in Oklahoma. Thus, we conclude the delay was not unreasonable and [the] district court had jurisdiction to revoke Davis' probation." 2020 WL 962100, at *4.

Returning to our facts, Johnson relies on *Williams* to argue that the district court lacked jurisdiction to revoke his probation, but we find that the facts here are distinguishable from *Williams* and lead to a different result. Johnson acknowledges that the original motion to revoke his probation was filed before the probation term expired. Significantly, the amended allegation that Johnson committed aggravated battery on July 15, 2023, was unknown and could not have been known when the original motion was filed on February 7, 2023. Granted, the State waited until August and September 2024 to file the amended motions, but Johnson was imprisoned during that time and suffered no prejudice from the delay. And obviously, the revocation hearing was promptly held when the amended motion was filed. Finally, the original motion and both amended motions alleged that Johnson failed to pay court fines. Under these facts, we find the State has satisfied the reasonableness test set forth in *Wiliams* for allowing the amended motions.

Johnson makes no other argument why the district court erred in revoking his probation on the burglary conviction. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issues not briefed are waived and abandoned). Thus, we reject Johnson's claim that the district court lacked jurisdiction to revoke his probation on the nonresidential burglary conviction on the grounds alleged in the amended motion.

9

*Jurisdiction to revoke probation on the criminal damage to property conviction*

Johnson also claims the district court lacked jurisdiction to revoke probation on the criminal damage to property conviction, but for a different reason than his argument on the nonresidential burglary conviction. Johnson argues that his legal probation term for criminal damage to property, a severity level 9 nonperson felony, should have been 12 months instead of the 24-month term the district court imposed. Johnson then argues that the original probation violation warrant was filed after his lawful probation term should have expired, even with the 30-day grace period under K.S.A. 22-3716(e), leaving the district court without jurisdiction to revoke Johnson's probation on this conviction. As a result, Johnson asserts that the district court's probation revocation order must be vacated. The State concedes the district court lacked jurisdiction to revoke probation on this conviction but disagrees with Johnson on the remedy.

Johnson was sentenced to 24 months' probation on the criminal damage to property conviction. But K.S.A. 21-6608(c)(3), which has not been amended since 2014, requires the district court to impose only 12 months' probation for all severity level 9 and 10 nondrug felonies. Johnson was convicted of a severity level 9 felony under K.S.A. 2015 Supp. 21-5813(a)(1), (c)(2). K.S.A. 21-6608(c)(5) allows the district court to impose a longer probation term for crimes fitting within subsection (c)(3)'s purview if the district court makes particularized findings that "the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4)." The parties agree that the sentencing court made no such findings. Thus, the 24-month probation term for the criminal damage to property conviction does not conform to the applicable statutory provisions and is illegal. See K.S.A. 22-3504(c)(1); *State v. Hays*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). The court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a).

The district court sentenced Johnson on January 14, 2022, and his lawful 12-month probation term would have expired on January 14, 2023. The district court did not issue a probation violation warrant until February 22, 2023, beyond the 30-day grace period for issuing a warrant within the lawful probation term. See K.S.A. 22-3716(e). As a result, the district court's order revoking Johnson's probation on the criminal damage to property conviction would have violated the general rule that a district court retains jurisdiction to revoke probation after a probation term expires only when the State moves to revoke within the probation term. *Williams*, 20 Kan. App. 2d at 147-48. In sum, the 24-month probation term on the criminal damage to property conviction was illegal and the district court lacked jurisdiction to revoke Johnson's probation on that conviction after the lawful probation term expired.

The State agrees that the 24-month probation term for Johnson's criminal damage to property conviction was unlawful under K.S.A. 21-6608(c)(3). The State also agrees that the district court did not impose a unitary probation term in this case, but it explicitly ordered Johnson to serve a 24-month probation term for the criminal damage to property conviction. See *State v. Baker*, 56 Kan. App. 2d 335, 338-39, 429 P.3d 240 (2018). Thus, the State concedes the district court lacked jurisdiction to revoke Johnson's probation on this conviction but disagrees with Johnson on the remedy. Relying on *State v. Jones*, 30 Kan. App. 2d 210, 214, 41 P.3d 293 (2001), the State asserts this court should vacate the sentence on the criminal damage to property conviction and remand to allow the district court to either resentence Johnson to a 12-month probation term or to make particularized findings to support a longer term. In *Jones*, this court found the defendant's 24-month probation term illegal because the district court did not make particularized findings to extend the term beyond 12 months. 30 Kan. App. 2d at 214. This court remanded the case to allow the district court to make the required findings. 30 Kan. App. 2d at 214.

Although the *Jones* panel remanded to allow the State to seek a second bite from the apple on the particularized findings, our Supreme Court has subsequently adopted a

different view in a similar situation in *Alonzo*. Alonzo was sentenced in 2005 to 18 months' probation. But K.S.A. 21-4611(c)(5), the predecessor statute to K.S.A. 21-6608(c)(5), required the district court to make particularized findings to extend the probation term beyond 12 months for the severity level 4 drug offense of conviction. The district court made no such findings. In 2007, just before the 18-month probation term expired, the State moved to revoke Alonzo's probation. The district court revoked Alonzo's probation and reinstated another 18-month probation term. After the State filed a second motion to revoke Alonzo's probation, the district court ultimately revoked his probation in 2008. On appeal this court found Alonzo was serving an illegal sentence, but found the appropriate remedy was to resentence Alonzo. *Alonzo*, 296 Kan. at 1052-54.

Our Supreme Court overturned this court's and the district court's decisions. The court agreed the 18-month probation term was illegal and focused on the appropriate remedy. It found the district court cannot retain jurisdiction to resentence by stringing together a series of orders that originate from an invalid sentence. 296 Kan. at 1058-59.

> "Instead, we hold that if a district court fails to comply with the requirements of K.S.A. 21-4611(c)(5) by imposing an extended period of probation without making required findings and the State agrees the sentence is therefore illegal, the district court only has jurisdiction to resentence the defendant during the period of probation that complied with K.S.A. 21-4611(c)(5)—in this case, the 12-month presumptive sentence—unless jurisdiction is retained because the original sentence is on appeal." 296 Kan. at 1059.

Johnson's case is similar to *Alonzo* where the district court imposed 24 months' probation on the criminal damage to property conviction instead of 12 months without making the particularized findings required by K.S.A. 21-6608(c)(5). The holding in *Alonzo* applies cleanly—the district court has jurisdiction to resentence Johnson on the criminal damage to property conviction only during the lawful period of probation, or if the original sentence is on appeal. Neither of those conditions apply here.

12

In sum, we agree with the parties that the district court lacked jurisdiction to revoke Johnson's probation on the criminal damage to property conviction. The appropriate remedy is to vacate the district court's revocation order on that conviction. This disposition means that Johnson has completed his sentence on that conviction. The journal entry revoking Johnson's probation ordered him to serve his original 19-month controlling sentence with the Kansas Department of Corrections (13 months on the nonresidential burglary conviction and a consecutive 6-month term on the criminal damage to property conviction). Because our disposition of this appeal now affects Johnson's release date, we remand to the district court to issue a corrected journal entry revoking Johnson's probation only on the nonresidential burglary conviction and ordering him to serve the remainder of his original 13-month sentence on that conviction.

Affirmed in part, vacated in part, and remanded with directions.