(25 P.3d 147)

No. 85,678

STATE OF KANSAS, *Appellee*, v. CHRISTINA R. POWERS, *Appellant*.

Opinion filed May 11, 2001.

*Edward D. Embers*, of Shriver & Embers, L.L.C., of McPherson, for appellant.

*Ty Kaufman*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BEIER, JJ.

GREEN, J.: Christina R. Powers appeals from the judgment of the trial court revoking her probation. On appeal, Powers contends that because her signed voluntary extension of probation order was not filed until after her probation period had expired, the trial court lost jurisdiction to later revoke her probation. We disagree and affirm.

Powers was convicted of obstruction of official duty, a class A misdemeanor, and was sentenced to 6 months in the county jail

and granted 12 months' probation after serving 60 days. Powers appealed her conviction, and this court affirmed in an unpublished opinion, *State v. Powers,* case No. 77,318, filed February 13, 1998.

After serving 60 days in the county jail, Powers' probation started on July 17, 1998. She signed a voluntary extension of probation order on July 15, 1999, 2 days before the end of her probationary period. The voluntary extension of probation order increased the length of Powers' probation from July 17, 1999, until July 17, 2000. The voluntary extension of probation order, however, was not filed with the court until July 19, 1999.

The State moved to revoke Powers' probation. At the revocation hearing, Powers argued that the trial court lost jurisdiction over her because the extension order was filed after her probation ended on July 17, 1999. Therefore, the trial court could not revoke Powers' probation.

Rejecting Powers' argument, the trial court determined that it had jurisdiction to extend the probation because July 17, 1999, fell on a Saturday. The trial court revoked Powers' probation and ordered her to serve her remaining sentence.

Whether a trial court has jurisdiction to revoke probation is a question of law over which an appellate court has unlimited review. *State v. Wonders,* 27 Kan. App. 2d 588, 589, 8 P.3d 8, *rev. denied* 269 Kan. 940 (2000). Furthermore, whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Cypress Media, Inc. v. City of Overland Park,* 268 Kan. 407, 414, 997 P.2d 681 (2000).

K.S.A. 2000 Supp. 21-4611(c)(8) provides:

"The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

Accordingly, Powers' probation, including the 12-month extension, did not exceed the statutory maximum period of probation.

K.S.A. 2000 Supp. 60-206(a) provides:

"In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the

day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. . . . When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply."

This computation-of-time statute was applied to the criminal procedure in *State v. White*, 234 Kan. 340, 673 P.2d 1106 (1983). In *White*, the 180-day speedy trial period ended on Saturday, and the trial commenced on Monday. After acknowledging there was no other method for computing the days, our Supreme Court determined that the defendant was properly brought to trial within the 180-day speedy trial provision. 234 Kan. at 345. In *State v. Wilson*, 15 Kan. App. 2d 308, 311, 808 P.2d 434 (1991), this court applied 60-206(a) in calculating the time to file a notice of appeal from the magistrate's judgment to the district court. Finally, in *State v. Ji*, 255 Kan. 101, 872 P.2d 748 (1994), our Supreme Court applied 60-206(a) in computing the time to appeal the denial of a motion for modification of sentence.

K.S.A. 2000 Supp. 60-206(a) provides that when the last day of the period to be computed falls on a Saturday, a Sunday, or a legal holiday the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. The voluntary extension of probation order was filed on Monday, July 19, 1999. The *White* reasoning can be applied to the present case. We conclude that by applying K.S.A. 2000 Supp. 60-206(a) to the present case, the voluntary extension of probation order was filed within the time of expiration of Powers' probation. As a result, the trial court had jurisdiction to revoke her probation.

Affirmed.