(147 P.3d 880)

No. 96,365

STATE OF KANSAS, *Appellee,* v. ANGELO R. CISNEROS, *Appellant.*

Opinion filed December 8, 2006.

*B. Joyce Yeager,* of Yeager Law Firm, L.L.C., of Overland Park, for appellant.

Vernon E. Buck, first assistant county attorney, *Marc Goodman,* county attorney, and *Phill Kline,* attorney general, for appellee.

Before GREENE, P.J., CAPLINGER, J., and LARSON, S.J.

GREENE: Angelo R. Cisneros appeals the district court's revocation of his probation, arguing that the alleged violation of a con-

dition of probation occurred after his probation had expired, thus depriving the court of jurisdiction for any revocation. We agree, reverse the district court, and order Cisneros discharged.

Cisneros pled no contest to one count of attempted possession of paraphernalia and two counts of conspiracy to possess methamphetamine with intent to sell, deliver, or distribute within 1,000 feet of school property. He was granted probation for 12 months with an underlying prison term of 24 months, and one of the conditions of probation was to follow recommendations imposed as a result of drug evaluation. By the last day of his probation period, Cisneros had not yet completed recommended substance abuse counseling. He agreed to extend his probation, but the voluntary probation extension agreement was not approved and filed until 4 days after the expiration of his probation.

One month later, Cisneros admitted to testing positive for alcohol in a urinalysis test and admitted to drinking two pitchers of beer at a bar, thus violating a condition of his probation. On November 7, 2005, the State moved to revoke Cisneros' probation, and at a hearing thereafter, the district court revoked Cisneros' probation and ordered him to serve his prison term. Cisneros appeals.

Whether the district court has jurisdiction to revoke probation is a question of law over which this court's review is unlimited. *State v. Williams*, 20 Kan. App. 2d 142, 145, 884 P.2d 743 (1994). Interpretation of a sentencing statute is a question of law, and the appellate court's standard of review is also unlimited. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005).

" 'The general rule is that a criminal statute must be strictly construed in favor of the accused, which simply means that words are given their ordinary meaning. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent.' [Citation omitted.]" *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 (2005).

"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than

determine what the law should or should not be." *State v. Gordon*, 275 Kan. 393, 397, 66 P.3d 903 (2003).

While Cisneros argues that his probation officer did not have authority to extend his probation, he does not directly raise the effect of the delayed approval and filing of the extension agreement on the district court's jurisdiction to revoke his probation. An appellate court has a duty to question jurisdiction, however, whether it be for the first time on appeal or upon the court's own motion. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

Our statute governing the revocation of probation clearly contemplates that revocation proceedings commence *during* the period of probation. K.S.A. 2005 Supp. 22-3716(a) provides in material part:

"At any time *during* probation, assignment to a community correctional services program, suspension of sentence or pursuant to subsection (d) for defendants who committed a crime prior to July 1, 1993, and at any time *during* which a defendant is serving a nonprison sanction for a crime committed on or after July 1, 1993, or pursuant to subsection (d), the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment. . . ." (Emphasis added.)

We have consistently construed this statute to be jurisdictional, holding that the court maintains continuing jurisdiction over a probationer during the time he or she is on probation. See, *e.g.*, *State v. Farmer*, 16 Kan. App. 2d 419, 422, 824 P.2d 998 (1992). Subject only to K.S.A. 2005 Supp. 22-3716(d), the court's jurisdiction ceases with the termination of the probationary period. *State v. Williams*, 20 Kan. App. 2d 142, 146-47, 884 P.2d 743 (1994); *Farmer*, 16 Kan. App. 2d at 422.

Notwithstanding these general jurisdictional restrictions, however, probation may be extended by the court under K.S.A. 2005 Supp. 21-4611(c)(8), which provides:

"The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

The question presented by this appeal is whether a district court may modify and extend probation pursuant to K.S.A. 2005 Supp. 21-4611(c)(8) *after* the initial period of probation has expired, where the probationer voluntarily and timely agreed to such an extension.

In addressing the validity of a voluntary agreement of a probationer to extend the term of his or her probation under similar circumstances, this court has held that such an agreement cannot create jurisdiction beyond the initial term of probation, reasoning as follows:

"[The defendant] could not agree to an illegal sentence. He could not by agreement create jurisdiction for the court to act beyond the period set forth in the statutes. His agreement to extend his probationary term beyond the maximum period allowed by law is a nullity. To say as the State does in this case that the court had jurisdiction to act because the defendant voluntarily submitted himself to the court's jurisdiction confuses subject matter jurisdiction with in personam jurisdiction. The substantive jurisdiction of the court, its power to adjudicate, cannot be created by waiver or consent; on the other hand, want of jurisdiction of the person or thing may be waived." *State v. Grimsley*, 15 Kan. App. 2d 441, 445, 808 P.2d 1387 (1991).

Here, Cisneros signed his extension agreement within the term of his probation, but the agreement was neither approved by the court nor filed until after his probation had expired. The State argues, however, that the approval and filing of the extension agreement during the statutory 30-day "grace period" following expiration renders the agreement of legal validity. In so arguing, the State relies on K.S.A. 2005 Supp. 22-3716(d), which provides:

"The court shall have 30 days following the date probation, assignment to a community correctional service program, suspension of sentence or a nonprison sanction was to end to issue a warrant for the arrest or notice to appear for the defendant to answer a charge of a violation of the conditions of probation, assignment to a community correctional service program, suspension of sentence of a nonprison sanction."

By its clear language, this statute does not apply to extension agreements. The statute allows the court to issue a warrant or notice to appear and answer allegations of probation violations (which presumably have occurred during the period of probation), but it does not generally provide a 30-day "grace period" to address any

other issues that may arise or affect the initial period of probation. Moreover, we note that K.S.A. 2005 Supp. 21-4611(c)(8), addressing modification or extension of probation, does not specify any such "grace period" for the finalization of an extension agreement. There is simply no statutory authority that allows the court to take revocation action for an alleged probation violation occurring during the period of a probation extension by voluntary agreement where the agreement has not been timely approved by the court pursuant to K.S.A. 2005 Supp. 21-4611(c)(8) and filed prior to expiration of the initial probation period.

This conclusion is consistent with our decision in *State v. Powers*, 29 Kan. App. 2d 166, 25 P.3d 147 (2001). In *Powers*, a case involving the timeliness of the filing of a voluntary agreement to extend probation, the defendant signed the voluntary agreement to extend probation 2 days before her probation was to expire, but the order was not filed with the district court until 2 days after her probation expired. The court upheld the agreement only because the defendant's probation was set to expire on a Saturday and under K.S.A. 60-206(a), expiration was not effective until the end of the next business day. The key date determining jurisdiction in *Powers* was the date that the agreement was *filed* with the court, not the date that the defendant *signed* the voluntary extension agreement. 29 Kan. App. 2d at 166-68. Implicit in *Powers* is that an agreement to extend probation must be approved and filed prior to expiration of the initial period and must otherwise comply with K.S.A. 2005 Supp. 21-4611(c)(8).

The district court lost jurisdiction to modify or extend Cisneros' probation when Cisneros' probation terminated on Thursday, August 25, 2005. When the voluntary extension order was filed with the district court on Monday, August 29, 2005, the district court's jurisdiction over Cisneros had already terminated. Thus, the district court did not have jurisdiction to modify or extend Cisneros' probation, and when the State initiated revocation proceedings in November, the district court no longer had jurisdiction to revoke Cisneros' probation. The district court's revocation of Cisneros'

probation must be reversed for lack of jurisdiction. Cisneros is entitled to be discharged.

Reversed and remanded with directions to discharge the defendant.