MODIFIED

NOT DESIGNATED FOR PUBLICATION

No. 112,319

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN C. SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Original opinion filed December 4, 2015. Modified opinion filed March 3, 2016. Probation extension vacated and case remanded with directions.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: We issued a memorandum opinion in this case, *State v. Smith*, No. 112,319, 2015 WL 8176214 (Kan. App. 2015) (unpublished opinion), on December 4, 2015. On December 16, 2015, appellant Jordan C. Smith moved for modification or rehearing. The State filed no response.

In our memorandum opinion the panel majority determined that Smith's claim, that the district court erred in not making a proper finding of necessity to support the

1

revocation of his probation, was moot because it appeared to us that the period of Smith's probation, as extended, had expired. 2015 WL 8176214, at *2-3. Judge Leben dissented, asserting that the majority engaged in speculation in finding this issue moot. 2015 WL 8176214, at *4-5 (Leben, J., dissenting).

In his current motion and supporting documents, Smith demonstrates that the issue was not moot because during the extended period of probation he was charged with further probation violations, resulting in a further extension of his probation for 24 months. Accordingly, modify our memorandum opinion issued on December 4, 2015, as follows:

In this appeal by Jordan C. Smith, we are required to sort out whether the district court had jurisdiction to extend Smith's probation and, if so, whether the court properly extended it and added a new probation condition.

*Facts*

Smith was convicted of a number of property crimes in three cases. The district court sentenced him in June 2011 to 108 months in prison on the various convictions but granted him probation for 24 months. As a condition of probation, Smith was ordered not to have contact with any of his codefendants.

In December 2011, Smith was seen standing in the doorway of the courtroom where a codefendant was being sentenced. According to Smith, he was in the courthouse to pay a traffic fine and did not see his codefendant or communicate with her. Based on this encounter, the district court revoked Smith's probation. On appeal, this court reversed, concluding there was insufficient evidence to support the district court's action. *State v. Smith*, No. 107,629, 2013 WL 3791615, at *4-5 (Kan. App. 2013) (unpublished opinion). This court remanded the case to the district court "with directions to vacate the

2

imposition of sentence, to order Smith's release from the custody of the Secretary of Corrections, and to take such further action as is consistent with this decision." 2013 WL 3791615, at *5.

In September 2013, the district court conducted a remand hearing. The same judge who presided over Smith's probation revocation hearing presided over the remand hearing. Smith appeared at the hearing in custody. His counsel noted that after Smith's probation had been revoked, Smith had been sentenced in federal court to 15 years in prison for some undisclosed crime. The State requested that Smith's probation be reinstated and extended and that an additional probation condition be imposed. The prosecutor stated:

> "[T]he Court of Appeals determined that the State failed to prove the violations of the probation and remanded this for the Court. We believe to reinstate probation. So what we would ask the Court to do is follow [the Court of Appeals'] direction and reinstate the probation. His probation term would have expired at the end of July of this year due to the passage of time. So we would recommend the Court set whatever term you feel is appropriate. . . .
>
> "But in anticipation the Federal Bureau of Prisons may come and take the defendant into [its] custody. We would ask that in addition of all other terms of probation you add one. And that is he obey all rules and regulations of any institution to which he is sent or confined."

The judge ruled: "I'll reinstate his probation pursuant to the mandate. And I will extend it 18 months from today's date with the modification requested by the State."

The court allowed Smith to speak. Smith complained: "I did 21 months for no reason at all." He stated that but for the wrongful revocation of his probation he "would have [no] probation left at all." Regarding his federal conviction he stated: "I got to go do 15 years in prison plus I got to sit here and worry about if . . . my shoes comes untied

and I get wrote up for my shoe being untied. I got to worry about going back and finishing another 9 years." The court responded: "Yeah. That is right."

Smith continued: "I don't believe that this is correct after I just did 20-some-months for free. I don't get none of that time credited to me towards anything." The court concluded: "You can take him back. . . . Have a nice trip."

Smith appealed.

Smith was turned over to the federal authorities to serve his federal prison sentence. Then, on March 26, 2015, while an inmate in the United States Penitentiary in Pollock, Louisiana, Smith was served with a warrant along with allegations that he violated the terms of his probation, which had been extended in September 2013, by violating two regulations of the prison where he was incarcerated. Smith waived his right to be present at the court's hearing on the matter and stipulated to the violations.

At the November 30, 2015, hearing on these probation violation charges, the court revoked and then reinstated Smith's probation and extended the period of his probation for 24 months.

*Analysis*

In Smith's appeal he contends the district court lacked jurisdiction to extend and modify his probation because his probation expired in July 2013, before the September 2013 remand hearing. In the alternative, he contends the district court erred in failing to make findings of necessity pursuant to K.S.A. 2014 Supp. 21-6608(c)(8).

Whether the district court had jurisdiction to reinstate Smith's probation is a question of law over which our review is unlimited. See *State v. Cisneros*, 36 Kan. App.

2d 901, 902, 147 P.3d 880 (2006). Likewise, interpretation of a sentencing statute is a question of law over which we have unlimited review. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005).

Smith did not raise the issue of jurisdiction before the district court. But we have the duty to address the question of jurisdiction regardless of whether it was raised below. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

Kansas law governing the revocation of probation "clearly contemplates that revocation proceedings commence *during* the period of probation." K.S.A. 2014 Supp. 22-3716(a); *Cisneros*, 36 Kan. App. 2d at 903.

K.S.A. 2014 Supp. 22-3716(a) sets forth the procedure for initiating probation revocation proceedings "[a]t any time during probation." Kansas courts have interpreted K.S.A. 2014 Supp. 22-3716(a) to be jurisdictional and have determined that district courts maintain continuing jurisdiction over a probationer during the time of probation. *Cisneros*, 36 Kan. App. 2d at 903. "Subject only to K.S.A. 2005 Supp. 22-3716(d), the court's jurisdiction ceases with the termination of the probationary period. [Citations omitted.]" 36 Kan. App. 2d at 903. This exception, now found in K.S.A. 2014 Supp. 22-3716(e), allows probation revocation proceedings when commenced within 30 days following the end of probation for a violation occurring during the term of probation. This exception does not apply to Smith.

In *Cisneros* the parties agreed to an extension of probation, but the extension agreement was not filed until 4 days after probation ended. When Cisneros later violated a probation term, the district court had no jurisdiction to revoke the probation that had already expired before the extension agreement was filed. See 36 Kan. App. 2d at 904-06.

5

In our present case, Smith's term of probation was interrupted by the district court's order revoking his probation. But that order ultimately was set aside. On remand, the attorneys and the district court operated under the assumption that Smith's probation continued to run while he was in prison and expired in July 2013, about 2 months before the remand hearing. The assumption that Smith continued on probation and the term of his probation continued to run while he was in prison serving the underlying sentence seems to be a logically contradictory notion. One may serve a sentence in prison or serve a period of probation. One cannot do both at the same time in the same case.

According to K.S.A. 2014 Supp. 21-6603(g), probation is "a procedure under which a defendant, convicted of a crime, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections." As stated in *State v. Carr*, 274 Kan. 442, Syl. ¶¶ 2-3, 53 P.3d 843 (2002):

"A person does not serve a prison sentence while on probation or parole any more than a person does while free on bail. In both instances there are certain restrictions on the person's movements, but the person's condition is very different from that of confinement in a prison."

"Probation and parole are separate and distinct from the sentence. A person on probation or parole is not serving a sentence. Probation and parole are dispositions alternate to the serving of a sentence."

At the probation revocation hearing, the court sent Smith to prison to serve his underlying prison sentence. He was no longer on probation. The court ordered that his probation be revoked. He had been under the supervision of community corrections while on probation. Once revoked, he was under the supervision of the Kansas Department of Corrections and the prison authorities, not community corrections. Thus, at the time of

6

the remand hearing, Smith had a significant amount of time left on his term of probation. Because his original term of probation had not yet expired, the district court had jurisdiction over Smith at the time of the remand hearing.

At the remand hearing the district court, prompted by the prosecutor, was under the mistaken belief that Smith's period of probation needed to be extended. Of course, this was based on the equally false premise that the court had authority to do so after the parties and the court believed Smith's probation period had expired, contrary to the holding in *Cisneros*.

Smith's probation period resumed running after our ruling on Smith's appeal when Smith was placed back on probation as our mandate required. But in doing so, the district court extended Smith's probation when it did not need to do so. Smith had an unexpired period of probation yet to serve.

Smith contends that the district court erred in not basing the order extending probation on a finding of necessity. Under K.S.A. 2014 Supp. 21-6608(c)(8), the district court had the authority to modify or extend the duration of Smith's probation upon a finding of necessity. But here, no such extension was necessary. The extension of Smith's probation was based on the false premise that his probation had expired and it was necessary to extend it. That premise was incorrect and, if it had been correct, the court would not have had jurisdiction to extend probation. The district court apparently acted based on a perceived necessity, but the purported necessity for extending the duration of Smith's probation was legally insufficient.

The district court erred in not making a proper finding of necessity to support the extension of Smith's probation. Therefore, we vacate the district court's order extending Smith's probation for an additional 18 months.

7

The period of Smith's probation remained unchanged and continued to run. The only claimed subsequent violation of Smith's probation was in March 2015, and Smith's original probation term had expired by that time. As a result, the district court's jurisdiction over Smith had expired before the most recent revocation proceedings relating to the claimed March 2015 probation violations.

Finally, Smith claims that the district court erroneously added a new probation condition at the September 2013 hearing without a showing of necessity. The new probation condition was that Smith obeyed all rules and regulations of any institution to which he was sent or confined. But the requirement of K.S.A. 2014 Supp. 21-6608(c)(8) to show necessity only applies when the court modifies or extends the duration of the probation period, not when a new term is added. We find no statutory requirement of a showing of necessity when a new probation condition is added. See K.S.A. 2014 Supp. 21-6607. But, of course, this new probation term applied only to Smith's original term of probation because the district court made no proper showing of necessity for extending it. As a result, when Smith's original term of probation expired, so did this added probation condition.

The September 2013 order extending the defendant's probation is vacated, and the case is remanded with directions that the court discharge the defendant.