NOT DESIGNATED FOR PUBLICATION

No. 126,063

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEL M. LEMKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed May 10, 2024. Reversed and remanded with directions.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Joel Lemke appeals the district court's revocation of his probation and imposition of his underlying prison sentence. He argues the district court did not have authority to revoke his probation because his probation term had expired and the court's actions leading up to its revocation did not comply with K.S.A. 22-3716(e). We agree and reverse the district court's ruling.

1

FACTUAL AND PROCEDURAL BACKGROUND

Lemke pleaded guilty to possession of methamphetamine in October 2021. On December 3, 2021, the district court sentenced Lemke to 20 months' imprisonment, then suspended this sentence and placed him on probation for 12 months.

Lemke's probation expired on December 3, 2022. Three days later, the State filed a motion alleging that Lemke had violated the terms of his probation before his probation had ended. The motion alleged that Lemke had not reported to the probation office as directed, completed substance abuse treatment, obtained a psychological evaluation, or made payments towards his court costs and fees. The motion also asserted that Lemke had committed another crime in Leavenworth.

The district court set a hearing on the State's motion for December 28, 2022, and appointed counsel to represent Lemke. The court did not issue a warrant based on the alleged probation violations or a notice to appear to respond to the State's probation-violation motion.

Lemke did not appear at the hearing on December 28. That same day, the district court issued a warrant for Lemke's arrest. The court used a standard warrant form that contained checkboxes to indicate why the warrant was being issued. The district court checked "Failure to Appear" as the sole reason for the warrant. The court did not check the box that read "Probation Violation," nor did it write any comments on the warrant form.

Lemke was arrested on January 12, 2023, based on the warrant. A hearing was held a few days later to discuss the State's motion to revoke Lemke's probation—this time with Lemke present. The State called Lemke's intensive supervision officer, who testified about the probation violations alleged in the State's motion. Lemke then testified,

2

admitting to missing appointments with his intensive supervision officer. Lemke explained that his absence was due to having COVID and dealing with the overwhelming grief of losing three friends in one week to fentanyl overdoses.

After considering the parties' arguments, the district court found that Lemke violated the terms of his probation. The court then revoked Lemke's probation and ordered Lemke to serve his underlying prison sentence. Lemke is now serving that sentence concurrently with his sentence in a different case.

DISCUSSION

Lemke's sole argument on appeal is that the district court lacked jurisdiction to revoke his probation. Lemke points out that Kansas law limits the circumstances under which probation may be revoked or modified after a person's probation has ended and the time frame in which those circumstances may occur. He asserts those conditions were not met here, meaning the district court did not have the authority to revoke his probation.

Lemke acknowledges that he did not present his jurisdictional argument to the district court. But he urges us to consider the question here, as it goes to the district court's authority to take the action it did—namely, revoking Lemke's probation after his probation term had expired. Lemke likens this authority to a question of subject-matter jurisdiction—the court's power to hear and decide a particular kind of case—which may be raised at any time, including on appeal or on the court's own initiative. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019); *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 1, 415 P.3d 405 (2018).

We note, as an initial matter, that Lemke's appeal does not truly raise a question of *subject-matter* jurisdiction, as there is no question that district courts are empowered to determine whether someone has violated the terms of probation and modify or revoke

3

probation in the appropriate circumstances. See K.S.A. 22-3716. The issue here is whether the district court had authority to revoke Lemke's probation under these circumstances. Put another way, the issue before us is not whether the district court had subject-matter jurisdiction to revoke a person's probation generally, but whether it had authority under K.S.A. 22-3716 to revoke Lemke's probation when it did.

Even so, we agree with Lemke that the circumstances of this case warrant considering his challenge to the district court's authority for the first time on appeal. Though appellate courts are courts of review and thus generally do not consider claims that were not presented to the district court, we have discretion to consider some newly raised arguments if review is possible based on the record before us and if the issues presented warrant our consideration without the benefit of a district court record. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). For example, we have sometimes considered purely legal issues in the first instance if they are based on undisputed facts and would resolve the case, or if deciding an issue is necessary to serve the ends of justice or prevent deprivation of a fundamental right. *Johnson*, 309 Kan. at 995.

The facts of this case are in large part undisputed. The question whether a district court has the statutory authority to revoke a person's probation is a question of law, so we would not defer to the district court's evaluation of that question even if it had been previously raised. *State v. Cisneros*, 36 Kan. App. 2d 901, 902, 147 P.3d 880 (2006). And the resolution of that challenge is important and would finally resolve the case; regardless of whether Lemke is serving a different sentence in a different case, the district court cannot revoke his (expired) probation in this case and impose his underlying prison sentence unless it had the statutory authority to do so. See *State v. Darkis*, 314 Kan. 809, 812-13, 502 P.3d 1045 (2022). The combination of these circumstances warrants our consideration of Lemke's argument.

A district court's authority to revoke or modify probation is defined by K.S.A. 22-3716. Two subsections of K.S.A. 22-3716 are relevant here—subsections (a) and (e). K.S.A. 22-3716(a) states that a court may issue a warrant or notice of appear at a hearing for an alleged probation violation "[a]t any time during probation . . . or pursuant to subsection (e)." Subsection (e) defines the time and manner any violations of probation may be addressed after the probation term has expired:

> "The court shall have 30 days following the date probation . . . was to end *to issue a warrant for the arrest* or *notice to appear for the defendant to answer a charge of a violation of the conditions of probation*, assignment to a community correctional service program, suspension of sentence or a nonprison sanction." (Emphasis added.)

Reading these two provisions together, a district court has authority over a probationer under subsection (a) while that person is on probation. *Cisneros*, 36 Kan. App. 2d at 903. A district court's authority ceases when probation expires unless subsection (e) applies, giving the district court an additional 30 days to issue an arrest warrant or notice to appear to address an allegation that the person previously violated their probation. 36 Kan. App. 2d at 903.

The Kansas Supreme Court considered these two subsections in *Darkis*. Darkis had been serving a term of probation, but—as in Lemke's case—that term had expired. Darkis was arrested within 30 days based on a letter from his intensive supervision officer detailing his previous probation violations. The district court did not issue a warrant for a probation violation or a notice to appear for such a violation during that period. The Supreme Court found that, under those circumstances, the court did not take any of the triggering actions that permitted it to revoke Darkis' probation after his term had expired. 314 Kan. at 813. It explained that "the process for a warrant to arrest or a notice to appear must [be] used" for the district court to have authority to revoke probation once a probation term has ended. 314 Kan. at 813.

5

The parties here acknowledge that, as in *Darkis*, all the relevant actions occurred after Lemke's probation term ended. Thus, the district court only had authority to the extent K.S.A. 22-3716(e) provided. And the State's motion to revoke Lemke's probation and the district court's appointment of counsel, both filed three days after the end of Lemke's probation term, are not actions listed under that statute.

The parties diverge, however, on whether the district court's December 28 warrant was sufficient to allow the court to consider his probation violations. Lemke admits that the district court issued the warrant within 30 days after his probation had expired. But he argues that warrant authorized his arrest for "Failure to Appear" at the hearing—not for violating his earlier probation. Thus, he asserts, the warrant was not sufficient to authorize the court to address those violations or revoke his probation under K.S.A. 22-3716(e). The State acknowledges that the warrant was issued for Lemke's failure to appear but asserts that it should be read broadly, noting the December 28 hearing was to consider the State's motion to revoke Lemke's probation, so the spirit of the probation statute had been met.

We agree with Lemke. Though the district court could have issued a warrant to arrest Lemke for violations of his probation based on the State's motion, it did not do so. Indeed, the district court could have checked the box on the December 28 warrant to indicate that this was the reason, or one of the reasons, for its issuance. Instead, the court indicated that the only reason for issuing the warrant was Lemke's failure to appear at the hearing. A warrant for failure to appear at a hearing is not one of the actions listed in K.S.A. 22-3716(e) that authorizes a court to consider probation violations after a probation term has ended.

Lemke's probation ended on December 3, 2022. K.S.A. 22-3716(e) only allowed the district court to address any previous violations of his probation if it issued "a warrant for the arrest or notice to appear for [Lemke] to answer a charge of a violation of the

6

conditions of probation" within 30 days of that date. It did not do so. Without taking either of these steps, the district court did not have the authority to revoke Lemke's probation in January 2023.

We reverse the district court's revocation of Lemke's probation and remand to the district court with directions to discharge Lemke from probation.

Reversed and remanded with directions.