Nos. 126,946
126,947
126,948

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASMINE M. JACKSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 21-6608(c)(8), the original period of probation supervision may be modified upon a showing of necessity. But it shall not be extended for a term longer than five years *inclusive of* the original supervision term. The phrase *inclusive of* is not vague. It means including or taking into account. So if the original probation term is 36 months, and the maximum prison sentence that could be imposed is 60 months or less, the maximum probation extension would be an additional 24 months.

2.

Probation is not part of a sentence. It is a dispositional alternative to serving a sentence and does not increase or decrease the sentence required to be imposed by statute. Accordingly, a person on probation is not serving a sentence.

3.

The extension of probation is not considered a modification of a sentence.

1

4.

Because probation is not part of the defendant's sentence, claims related to probation revocations or probation extensions are not properly brought as motions to correct an illegal sentence.

5.

A party cannot agree to a court's jurisdiction where none exists. Accordingly, an agreement by the parties to extend probation beyond the maximum period allowed by law is a nullity.

6.

If the district court finds that a defendant has violated the terms of probation and a probation revocation warrant cannot be served because the defendant has intentionally absconded, the court may exclude the time between the issuing of the warrant and the date of the defendant's arrest, or any part of it, from time served on probation.

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed in part, reversed in part, sentence vacated in part, and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., ARNOLD-BURGER and GARDNER, JJ.

ARNOLD-BURGER, J.: Jasmine M. Jackson appeals the district court's revocation of her probation and imposition of her prison sentence in two of her three consolidated cases on appeal. She contends that she is serving an illegal sentence because the

extension of Jackson's probation was contrary to law and she argues the district court lacked jurisdiction to extend her probation in excess of the maximum probation term allowed under Kansas law. Jackson is correct that the probation extensions in two of her cases exceeded the statutory maximum and thus deprived the district court of jurisdiction to revoke her probation and impose the underlying prison sentence. But because the district court still maintained jurisdiction over Jackson's third case, the revocation of her probation and imposition of the underlying prison sentence in the third case is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Jasmine Jackson pleaded guilty in two separate cases both occurring in 2016. In the first case, 16CR1848 (Case 1), Jackson pleaded guilty to felony burglary and misdemeanor theft. And in the second case, 16CR3382 (Case 2), Jackson pleaded guilty to attempted aggravated robbery, a severity level 5 nondrug felony.

Jackson received a prison sentence in Case 1 of 24 months for the burglary charge and a 12-month jail sentence for the misdemeanor theft charge. In Case 2, she was sentenced to prison for 52 months for the attempted robbery charge. The sentences were ordered to be served concurrently. The district court suspended Jackson's prison sentences and ordered a 36-month probation period as part of a dispositional departure. Therefore, based on her sentencing date, Jackson's probation term would terminate on March 1, 2020, on a total underlying sentence of 52 months in prison. The parties do not contest the sentences imposed or the probation term imposed. They were both consistent with the applicable statutes. See K.S.A. 21-6804 (nondrug sentencing grid, severity level 5 felony, with D criminal history score, presumptive prison, 52 months midrange); K.S.A. 21-6608(c)(1)(A) (36 months recommended probation for severity level 5 nondrug felony).

3

*Jackson violates the terms of her probation several times.*

Over the next year, Jackson admitted to violating the terms of her probation several times all resulting in the imposition of jail sanctions.

In the fall of 2018, Jackson violated the terms of probation by failing to report to her probation officer and admitting to using marijuana. Based on the probation violations, the district court extended Jackson's probation an additional 12 months from the original termination date and imposed a 120-day prison sanction. Thus, Jackson's probation would now terminate March 1, 2021. The parties do not argue that this extension was untimely, improper, or contrary to any statute.

In December 2019 and January 2020, Jackson violated the terms of probation by again testing positive for marijuana and failing to report to her probation officer. A warrant was issued for her arrest in January 2020 for these violations. Although hearing dates were set, they were continued until, in March 2020, Jackson absconded and was not arrested on the new warrant until August 2021.

*Jackson pleads guilty to committing a new crime while on probation.*

On August 10, 2021, while the revocation motion was still pending on Cases 1 and 2, the district court issued a new warrant for Jackson's arrest for failing to register as required under the offender registration act in July 2020. Jackson's probation on Cases 1 and 2 was revoked on February 18, 2022, pursuant to a plea.

Jackson pleaded guilty to the new crime of failure to register in July 2020—21CR9089 (Case 3)—pursuant to a plea agreement. The agreement stated that Jackson agreed to "admit to any/all pending probation violations in [Cases 1 and 2]." The agreement also provided that "[b]oth parties will recommend that probation be reinstated

4

and extended to coincide with the term of probation in the instant case." Pursuant to the plea agreement, Jackson's probation was revoked for the December 2019 and January 2020 violations which were filed in January 2020. And her probation was also revoked due to the plea in Case 3.

A disposition hearing on the probation revocation was held on April 15, 2022, along with the sentencing on the new charge of failure to register in Case 3. The probation term for Case 3, which was also a dispositional departure, was 24 months, effective the day of sentencing, which was April 15, 2022. Her underlying prison term was 38 months on Case 3. The plea agreement recommended the probation term for all cases run until April 15, 2024. However, the sentencing court restarted the 36-month probation in Case 2, which would then not expire until April 15, 2025.

Although not mentioned at the hearing, in the journal entry for the hearing, completed in August 2022, the district court also imposed an additional 18-day jail sanction. See K.S.A. 22-3716(h). The journal entry also specified that her probation was not revoked but "[m]odified" with the sole basis being Jackson's stipulation to the allegations in the August 10, 2021 warrant (which only mentioned the July 2020 failure to register) and the commission of a new offense for failure to register in July 2020 as reflected in Case 3.

To recap, at this point the January 2020 motion to revoke Jackson's probation was filed within the term of her probation and she agreed that her probation should be revoked. Whether this resulted in a legal extension of her probation past March 1, 2021, will be discussed later in this opinion.

In May 2022, Jackson admitted to violating her probation by operating a motor vehicle without a license and failing to follow her probation officer's directive. On May

24, 2022, Jackson agreed to serve a 72-hour jail sanction based on these violations. But there was no action taken on her probation at that time.

*The district court revokes Jackson's probation and imposes the underlying prison sentence.*

The following year, Jackson violated the terms of her probation for the final time. At a probation violation hearing on September 8, 2023, the district court revoked Jackson's probation and ordered that she serve the remainder of her underlying 52-month prison sentence, as well as the full 38 months on Case 3. She apparently absconded from her interstate compact supervision in Texas. At the time, Jackson had served about 78 months, or six and a half years on probation before the district court revoked her probation for the last time.

Jackson timely appealed.

ANALYSIS

Jackson argues that the district court's probation extensions past March 1, 2022, exceeded the maximum possible probation extensions allowed by Kansas law. Because the district court extended Jackson's probation past March 1, 2022, and later revoked her probation and imposed her underlying prison sentence, Jackson argues that she is serving an illegal sentence because the court lacked jurisdiction to revoke her probation after its term had ended.

Jackson did not raise any objection with the district court regarding the scope of her term of probation. But as it relates to a district court's jurisdiction over a defendant's probation term, such jurisdiction "ceases with the termination of the probationary period." *State v. Cisneros*, 36 Kan. App. 2d 901, 903, 147 P.3d 880 (2006). Subject

6

matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021). So we will consider her unpreserved claim.

1. *Our review is unlimited.*

To resolve the merits of Jackson's appeal, this court must look to the language of the applicable sentencing statutes. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022). Unlimited review means we owe no deference to the interpretation of the State, Jackson, or the district court. We look at it with fresh eyes. See *State ex rel. Kobach v. Harper*, 65 Kan. App. 2d 680, 694, 571 P.3d 6 (2025).

2. *The law related to the extension of probation.*

Jackson argues that the district court impermissibly extended her probation beyond the maximum allowed by statute. So we begin by examining the statute.

The statute at issue, K.S.A. 21-6608, outlines the recommended probation terms for various crimes, based on severity level. For a severity level 5 nondrug felony, which was the highest level crime for which Jackson was originally sentenced, the statute recommended 36 months' probation. K.S.A. 21-6608(c)(1)(A). But this is just a recommended probation term. The statute goes on to allow the court, in the case of certain crime severity levels—none of which are implicated here—to give a *longer* probation term and it will not be considered a sentencing departure for purposes of appeal. K.S.A. 21-6608(c)(5). Nothing prevents the district court from otherwise modifying the initial term of probation.

7

The statute goes on to inform the sentencing court that "the total period [of probation] in all cases shall not exceed 60 months, or the maximum period of the prison sentence that could be imposed whichever is longer. Nonprison sentences may be terminated by the court at any time." K.S.A. 21-6608(c)(6). The parties do not submit any evidence, nor do they argue, that the maximum prison sentence exceeded 60 months in this case. In fact the State argues that Jackson's original sentences were shorter than 60 months. So we are concerned only with the 60-month maximum limitation. The statute also makes clear that the court can terminate a nonprison sanction, like probation, at any time. So the maximum original term of probation in all cases is 60 months, but nothing prevents the court from ending probation early.

But the general 60-month rule is limited by two statutory exceptions, one of which is implicated here.

> "[T]he court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term." K.S.A. 21-6608(c)(8).

So what does this mean? We find no ambiguity in the statutory language. It means that the original period of probation supervision may be modified upon a showing of necessity. So if, as here, the original term is 36 months, the court may, upon a showing of necessity, extend the probation for longer than 36 months. But it shall not be extended for a term longer than five years *inclusive of* the original supervision term. The phrase *inclusive of* is not vague. It means "including" or "taking into account." Websters New World College Dictionary 736 (5th ed. 2018). If the original term is 36 months, and the maximum prison sentence that could be imposed is 60 months or less, the maximum extension would be an additional 24 months or 60 minus 36.

8

Based on the plain language of the statute, Jackson's probation could not be extended such that it exceeded a total of 60 months.

3.      *Jackson's illegal sentence claim fails.*

An illegal sentence is a sentence "that does not conform to the applicable statutory provision, either in character or punishment." K.S.A. 22-3504(c)(1); see *State v. Newman-Caddell*, 317 Kan. 251, 258, 527 P.3d 911 (2023). "'Statutory provision' as applicable to K.S.A. 22-3504[c](1) is the statute defining the crime and assigning the category of punishment to be imposed." *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006). Whether a sentence is illegal is a question of law subject to unlimited review. *Newman-Caddell*, 317 Kan. at 258-59.

Probation is not part of a sentence. It is a dispositional alternative to serving a sentence and does not increase or decrease the sentence required to be imposed by statute. A person on probation is not serving a sentence. *State v. Carr*, 274 Kan. 442, 451, 53 P.3d 843 (2002). In addition, the extension of probation is not considered a modification of a sentence under Kansas law. Kansas statutes and caselaw consistently distinguish between the modification of a sentence and the extension or modification of probation terms. "The power to revoke or modify the conditions of probation . . . shall not be deemed power to modify the sentence." K.S.A. 22-3608(a). Likewise, the modification of a probation by extension of its term is not a modification of the sentence. Accordingly, claims related to probation modifications, extensions, or revocations are not properly brought as a motion to correct an illegal sentence. See *State v. King*, No. 122,708, 2021 WL 1045182, at *3-4 (Kan. App. 2021) (unpublished opinion) (revocation of probation is not a sentence that can be corrected by a motion under K.S.A. 22-3504, citing several other unpublished opinions from this court that hold the same).

Jackson's illegal sentence claim fails.

9

4.     *The district court had no jurisdiction to extend Jackson's probation on Cases 1 and 2.*

Based on the plain language of K.S.A. 21-6608(c)(8), as outlined above, Jackson's probation could last no longer than March 1, 2022. But that does not end our inquiry. There are several other statutes that are implicated here.

    a.  *Parties cannot agree to jurisdiction where none exists.*

The State's argument that K.S.A. 21-6820(c)(2) prevents this court from reviewing any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record is unavailing. If Jackson's probation was statutorily limited to five years, the court lacked jurisdiction to extend it past the statutory deadline. And a probationer cannot by agreement create jurisdiction for the court to act beyond the maximum period set forth in the statutes. *State v. Cisneros*, 36 Kan. App. 2d 901, Syl. ¶ 2, 147 P.3d 880 (2006). An agreement to extend probation beyond the maximum period allowed by law is a nullity. *State v. Grimsley*, 15 Kan. App. 2d 441, 445, 808 P.2d 1387 (1991).

    b.  *A probation term may be tolled during the time a warrant is outstanding, but the judge did not do so here.*

If the district court finds that a defendant has violated the terms of probation and a probation revocation warrant cannot be served because the defendant has intentionally absconded, the court may exclude the time between the issuing of the warrant and the date of the defendant's arrest, or any part of it, from time served on probation. K.S.A. 22-3716(d).

In this case, a warrant was outstanding for Jackson's arrest on a probation violation from March 2020 to August 2021. The district court could have excluded this time from

10

the calculation of Jackson's total time on probation. This would end up extending Jackson's probation until March 2022 because she was a fugitive from justice. This provision makes sense, because to hold otherwise would allow absconders to benefit from their time as a fugitive. But the court made no such finding here.

    c.  *A warrant for the arrest of a defendant for violation of the conditions of probation must be filed no more than 30 days after the conclusion of the term of probation.*

The court may issue a warrant for the arrest of a defendant for the violation of the conditions of probation up to 30 days after the conclusion of the term of the probation for violations that occurred during the term of probation. K.S.A. 22-3716(e).

In January 2020, the court issued a warrant for Jackson's alleged probation violations from December 2019 and January 2020. This filing was well within the allowed probation term, which had been properly extended to March 1, 2021. The court would be justified in revoking Jackson's probation for those violations, even if she were not arrested until after March 2021. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (holding that once there has been evidence of a violation of the conditions on which probation was granted, the decision to revoke probation rests with the sound discretion of the court).

But the timely filing of a motion to revoke does not toll the running of the probationary period or otherwise extend probationary conditions. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 8, 182 P.3d 1231 (2008). The violations that were alleged to have occurred in July 2020, although within the term of Jackson's probation, were not filed until August 2021, more than 30 days after the termination of the then existing extended term of probation—March 1, 2021. So, according to the plain language of K.S.A. 22-3716(e) the district court was without jurisdiction in February 2022 to revoke Jackson's probation in Cases 1 and 2 for the July 2020 registration violation or her plea to the

11

associated new case, Case 3. See *State v. Hoffman*, 45 Kan. App. 2d 272, 276, 246 P.3d 992 (2011) (holding that if proceedings are not commenced before the expiration of the 30-day period, the district court no longer has jurisdiction over the probationer).

The district judge had the authority to revoke Jackson's probation in February 2022 based on the violations in December 2019 and January 2020. And the judge expressed that this was a basis for the revocation and extension of Jackson's probation along with the new charges. So while the judge had the jurisdiction to revoke Jackson's probation and require her to serve the underlying term, he had no jurisdiction to extend her probation in Cases 1 and 2 past March 1, 2022. The district judge chose not to require Jackson to serve the balance of her jail term when that issue was properly before it in 2022, requiring instead that she serve an 18-day jail sanction. Because the judge had no authority to extend Jackson's probation in Cases 1 and 2 past March 1, 2022, he lacked jurisdiction to revoke her probation for violations occurring November 2022 through January 2023.

In sum, because the district court lacked jurisdiction to extend Jackson's probation in Cases 1 and 2 we reverse the revocation of her probation on those cases. But in Case 3, the district court was well within its authority to revoke Jackson's probation and order her to serve the underlying 38-month prison sentence. And she does not challenge that portion of her sentence on appeal. Therefore, we reverse the district court's revocation of Jackson's probation in Cases 1 and 2 and vacate the modification to it imposed in September 2023. We affirm the district court's revocation of Jackson's probation and imposition of her underlying sentence in Case 3.

Affirmed in part, reversed in part, sentence vacated in part, and case remanded with directions.